## GOODYKOONTS v. RINGLAND ET AL.

PRACTICE IN THE SUPREME COURT: ABSTRACT: EVIDENCE.

*Appeal from Boone District Court.*

TUESDAY, OCTOBER 28.

ACTION in equity for a settlement of an alleged partnership account. There was a decree for the plaintiff for $439.40. The defendants appeal.

*Holmes & Reynolds*, for appellants.

*Hull & Ramsey*, for appellee.

ADAMS, J.—The case was, by order of the court, tried upon written evidence. It is, therefore, before us for trial *de novo*, if at all. But the abstract does not purport to contain all the evidence. Attached to the argument of counsel for appellant is a statement by them in these words: "In our abstract we omitted to say that our abstract contained all the evidence. The case was tried upon written evidence, and attached to the transcript with the original evidence transmitted to this court is the certificate of the commissioner who took the evidence, of Hon. I. J. Mitchell, the judge who tried the case, that the evidence transmitted includes all the evidence adduced on the trial of said cause." But the material thing to be stated is omitted after all; that is, that the abstract contains all the evidence. If that statement had been made, we would have assumed that the evidence, by proper certificate, was made of record. No transcript is necessary unless called for by the appellee or made necessary to determine a dispute between the parties as to what the record contains. In absence of a dispute as to what is in the record, we rely upon the abstract, and if appellant desires us to hear and determine the case *de novo*, his abstract must purport to contain all the evidence, whether it does so in fact or not.

We may say, however; that we have looked into the evidence contained in the abstract, and it appears to a majority of us that it supports the decree.

AFFIRMED.