ROGERS v. CARMAN ET AL.

1. **Practice in the Supreme Court:** ABSTRACT: AMENDMENT. Where, at the time of the submission of a case to the Supreme Court, the appellant filed an amendment to his abstract intended to cure defects in the original abstract, pointed out in an abstract and argument served and filed by the appellee a month before the submission, it was held that the amendment was not filed in time, and would, on motion of the appellee, be stricken from the files.

*Appeal from Dallas Circuit Court.*

SATURDAY, OCTOBER 23.

ACTION at law to recover real property. Judgment for plaintiff, and defendant appeals.

*White & Woodin* and *Cardell & Shortley,* for appellants.

*Wright, Gatch & Wright,* for appellee.

ROTHROCK, J.—The abstract and argument of appellants were served on the 3d of May, 1880, and filed on the 22d of the same month. Appellee served an additional abstract on appellants May 11th, and filed the same on the 12th, and served their argument on the 21st of May, and filed it on the same day. The cause was assigned on the calendar of this court for June 22, 1880. It was, however, called and submitted on June 21st. June 22d the submission was set aside, and on June 24th it was again submitted. On the day of the submission the appellants filed " an amendment to abstract in reply to appellee's amendment." The cause was thus submitted, and with the submission the .appellee filed a motion to strike appellant's amendment to abstract from the files, because filed too late. We are required to dispose of the motion, and a proper disposition of it will, in our judgment, dispose of the appeal. If the amendment to the abstract filed when the cause was

submitted was a reply to appellee's abstract, and controverting it so as to require us to resort to the transcript to settle the controversy, although it may not have been filed strictly within the rules, a motion to strike would not ordinarily be sustained. Such an amendment really introduces no new feature in the case. But the appellants' original abstract did not purport to contain all the evidence. Indeed, what purported to be set out as an abstract of the evidence was not authenticated in any way, either by a statement that it was preserved by a bill of exceptions, by a certificate of the judge, or otherwise. The appellee's abstract did no more than call attention to this fact, and set forth the entries on the appearance docket for the purpose, as is alleged, of showing more clearly the insufficiency of appellants' abstract. The counsel for appellee served their argument on counsel for appellants on the 21st day of May, a month before the case was set for trial. In the argument an affirmance is claimed, on account of the imperfection of the appellants' abstract. The court was in session from the 8th to the 24th of June, and no motion was made for leave to file an amendment to the original abstract. The cause was submitted on the 21st, and submission set aside on the 22d, and again submitted on the 24th, with the amendment and motion to strike. The amendment is not a mere denial of appellee's abstract; it is an attempt to supply omissions in the original abstract.

We think under these circumstances the motion to strike should be sustained. Appellees had the right to rely upon the original abstract, especially as no movement was made to amend it until after the cause was argued and ready for submission, and actually reached for that purpose. The motion having been sustained there is nothing left for trial, because there is no evidence in the abstract properly authenticated. All of the exceptions and assignments of error relate to the evidence.

AFFIRMED.