In the Matter of the Will of Mary M. Caywood.

1. **Practice in the Supreme Court:** ABSTRACT: AMENDMENT. An amendment to the appellants' abstract, filed by him without leave after the filing of the appellee's argument, will not be considered.

*Appeal from Fayette Circuit Court.*

MONDAY, JUNE 13.

ON November 18th, 1879, there was filed on the probate docket of the Circuit Court of Fayette county the petition of Charles, Silas H. and Judson C. Stevens, asking an order of the court requiring the clerk to pay over to petitioners certain moneys in his hands as trustee, the said moneys being the proceeds of the sale of certain property included in the will of Mary M. Caywood, deceased. Afterward Howard and Mabel Stevens, minors, by their father, Silas H. Stevens, filed a petition, asking an order directing the clerk to pay over to them one-half of the money in his hands, and that he proceed to collect the balance due on a note in his hands and pay one-half thereof over to them. Afterward the petition of Homer C. Stevens, by his father, Charles Stevens, was filed, asking an order directing the clerk to pay over to him the remaining one-half of the money, and of the proceeds of a note in his hands.

Afterward William Caywood filed a petition of intervention, asking an order upon the clerk to pay over to him the moneys and the proceeds of the notes in his hands.

The court dismissed the intervenor's petition, and adjudged that the money in the hands of the clerk be paid to Howard and Mabel Stevens, and to Homer C. Stevens, each one-third. The intervenor appeals.

*James Cooney* and *Hoyt & Hancock*, for appellant.

*Thompson Bro's* and *D. W. Clements*, for appellees.

DAY, J.   This proceeding involves the construction of the will of Mary M. Caywood, deceased.   The proceeding is entitled in equity.   No errors are assigned.   The case, if reviewable here at all, is triable *de novo.* The original abstract of appellant does not purport to contain all the testimony.   Appellees urge this in their argument, and insist that for this reason, amongst others, the judgment must be affirmed.   After the appellees' argument was filed, the appellant, without leave of court, filed an amendment to his abstract, stating that the abstract theretofore filed contains all the evidence received and offered in the cause.   The appellees filed a motion to strike the amendment to the abstract from the files.   This motion was submitted with the case for determination.   The motion must be sustained.   We cannot sanction the practice of permitting an appellant, after the appellee has argued his case, and without leave, to amend his abstract, and substantially change the record upon which the cause is submitted.   The abuses which would attend such a practice readily suggest themselves.   If leave to amend had been asked, it might have been ·granted upon such terms as seemed proper under the circumstances.   In *Betts v. City of Glenwood,* 52 Iowa, 124, we held that an amended assignment of errors, filed without leave, after the filing of the appellees' argument, could not be considered.   See, also, *Rogers v. Carman,* 54 Iowa, 715.   The appellant relies upon *Goodykoontz v. Ringland,* 52 Iowa, 732, and insists that a statement that the abstract contains all the evidence is sufficient although made only in his argument in reply.   It is apparent from the opinion in the case referred to that the attention of the court was not directed to the manner of making the amendment, but to its sufficiency.   The amendment was held to be insufficient.   That holding disposed of the only question before the court.   Besides, the amendment in that case was attached to the end of appellant's opening argument, and was not de-

*1. PRACTICE in the supreme court: abstract: amendment.*

ferred until appellee had filed his argument, and no objection was made to the time or manner of the amendment.

As the cause is triable here *de novo*, if reviewable at all, the striking out of the amendment to the abstract renders an affirmance of the judgment necessary.

AFFIRMED.