INDEPENDENT DISTRICT OF CROCKER v. INDEPENDENT DISTRICT OF ANKENY.

1. **Practice in the Supreme Court:** ASSIGNMENT OF ERRORS. An appeal will be dismissed if the assignment of errors is not served on the appellee ten days before the first day of the trial term. Whether or not it must be filed with the clerk previous to the day devoted to consideration of causes from the district whence comes the appeal, *quære.*

*Appeal from Polk Circuit Court.*

THURSDAY, APRIL 18.

ACTION at law. Trial by the court, and judgment for the plaintiff.

The defendant appeals.

*Barcroft, Given & Drabelle,* for appellant.

*McHenry & Bowen,* for appellee.

SEEVERS, J.—The trial term of this court, for this cause, commenced on the 3d day of December, 1877, and no assignment of errors was filed with the clerk and served on the appellee or its attorney, until the 8th day of said month. A motion has been made to dismiss the appeal because such assignment was not sooner filed and served on the appellee.

Section 3183 of the Code is as follows: "If, the transcript

Independent District of Crocker v. Independent District of Ankeny.

being filed, errors are not assigned and filed with the clerk of the Supreme Court, and a copy of the same served on the appellee or his attorney ten days before the first day of the trial term, the appellee may have the appeal dismissed, or the judgment or order affirmed, unless good cause for the failure be shown by affidavit."

Rule 24 of this court provides, "If, the transcript and abstract being filed, errors are not assigned by the morning of the first day devoted to causes from the district whence comes the appeal, the appellee may, on motion, have the appeal dismissed, or the judgment or order affirmed, unless good cause for the failure is shown by affidavit."

There is an apparent conflict between the statute and the rule, unless it can be held the court can dispense with filing an assignment of errors previous to the day devoted to a consideration of causes from the district whence comes the appeal. And if the errors are served on the appellee by the time required by the statute, it would seem he could not justly complain of the mere non-filing of the same with the clerk. We are not prepared to say he would suffer any prejudice by the failure to file as the statute provides. It is unnecessary to determine this question, and we do not do so. It is clear, however, the rule is based on the foregoing theory, for it makes no provision as to the service of the errors on the appellee. The statute, therefore, clearly governs, and as the objection has been made and is insisted on, we have no discretion in the premises, and the motion must be sustained. The result would be the same if the "first day devoted to causes from the district whence comes the appeal," be held to be the first day of the trial term, because such day was the 15th day of December, 1877, and the errors were not served on the appellee until the 8th day of said month, or less than ten days previous thereto.

APPEAL DISMISSED.