BURNS ET AL. v. THE IOWA HOMESTEAD CO.

1. **Pleading: EVIDENCE: VARIANCE.** In an action for damages for breach of a covenant of warranty, plaintiff alleged that he subsequently acquired title from the paramount owner, the Des Moines Valley Railroad Company: *Held*, that he could not be permitted to prove that he acquired his title from the Des Moines & Fort Dodge Railroad Company.

*Appeal from Webster Circuit Court.*

FRIDAY, APRIL 19.

IN 1865 the plaintiff Maria L. Burns purchased of the defendant eighty acres of land for a consideration of $400, and received defendant's conveyance therefor.    Said conveyance contained a covenant to warrant and defend the title to said premises against all persons.

The defendant had not then and never since has had any right or title to said land.

It is averred in the petition that in July, 1874, the Des Moines Valley Railroad Company, being then the owner in fee of said land, and the holder of the paramount title under a conveyance from the State of Iowa, asserted its title against the plaintiff M. L. Burns, and claimed the occupancy and possession of said land; and on that day the said plaintiff

contracted with said railroad company for the purchase of said land, and received its contract therefor, paying, as the purchase price to said railroad company, the sum of $280; that on the 20th day of November, 1875, she received from said railroad company a conveyance for said land; that said conveyance was made to plaintiff J. D. Burns, in trust for, and to the use of, the plaintiff M. L. Burns.

The defendant answered, admitting the execution of the deed for the consideration therein named, and that it contained the covenant of general warranty, and denying all the other allegations of the petition, and pleading the statute of limitations in bar of the action.

The cause was tried by the court, by consent of the parties, and judgment was rendered for plaintiff. Defendant appeals.

*Chas. A. Clark*, for appellant.

*A. N. Botsford*, for appellee.

Rothrock, Ch. J.—I.  The evidence of title showed that at the time the defendant conveyed the land to the plaintiff Maria L. Burns it had no title thereto, and it was admitted by the defendant that the documentary evidence of title shows that the paramount fee simple title was   *   *   *   in the Des Moines Valley Railroad Company at the time plaintiff Maria L. Burns claims to have purchased from that company.

Plaintiffs did not offer in evidence any conveyance from the Des Moines Valley Railroad Company to J. D. Burns, as alleged in the petition, but offered a conveyance made by the Des Moines and Fort Dodge Railroad Company to said Burns.

Said conveyance did not purport to be a conveyance "made to the plaintiff J. D. Burns, in trust for, and to the use and benefit of, the plaintiff M. L. Burns," but the same was a conveyance with covenants of general warranty to J. D. Burns, and to his use alone.

The defendant objected to the introduction of this deed as

immaterial and incompetent.   The objection was overruled, and the deed was admitted in evidence. ·

The plaintiff then offered-parol evidence tending to prove that she in fact paid the purchase money for the paramount title, and that a deed was taken in the name of her husband, J. D. Burns, at her request and for her benefit.   This evidence was objected to because the petition sets out an express trust—a trust appearing upon the face of the instrument, and the plaintiff could not, under the petition, recover by showing by parol a resulting trust.

It is undeniable that the petition is indefinite and uncertain as to the character of the trust by which plaintiff claims to hold.   The allegation is not specific that the deed itself contained the evidence of the trust.   That the "conveyance was made to J. D. Burns in trust for, and to the use and benefit of, the plaintiff M. L. Burns," is not a distinct allegation that the trust appeared upon the face of the instrument.

It is, at most, indefinite and uncertain, but as the defendant allowed the trial to proceed without a motion for a more specific statement, we think the parol evidence was properly admitted.

II.   It is further claimed that the parol evidence did not establish a resulting trust in Maria L. Burns.   The only witnesses examined were the plaintiff J. D. Burns and his son. Both testify that the money which was paid for the paramount title was given by the son to his mother, Maria L. Burns, to buy the land, and that the money thus furnished to the mother was used in making the purchase.   It is true J. D. Burns, on his cross-examination, testified that he had an impression that the land was to be bought with the money of the son, who was to have the land.   But the son testifies that he expected his mother would repay him, but nothing was said about it; that there was no understanding whatever.

We think the evidence fairly shows a resulting trust in Maria L. Burns.   It surely is not in the son, and J. D. Burns,

the holder of the legal title, is a party plaintiff in the action, insisting that the land is held by him in trust only.

The question is somewhat different from what it would be in an action between Maria L. Burns and the holder of the legal title.

III.    The defendant insists that the deed from the Des Moines & Fort Dodge Railroad Company was improperly

1. PLEADING:    admitted in evidence, because the petition avers
evidence:
variance.       that the paramount title was acquired from the Des Moines Valley Railroad Company.

This point is well taken.    The plaintiff claims to recover damages by reason of a purchase and conveyance from one party, and seeks to recover by proof of a conveyance from another.

This is not an immaterial variance between allegation and proof.    It was certainly an issuable fact, and defendant took issue upon it by a general denial.    The plaintiffs, when objection was made to the introduction of the deed, should have amended the petition to correspond with the proof.

The abstract presented by appellant purports to contain all the evidence and rulings of the court.    The argument of counsel for appellee refers to a stipulation which, if we had before us, might probably relieve the case of this difficulty, but we have no additional abstract, and must determine the case upon the record presented.

For the error last above discussed, the judgment must be reversed and the cause remanded for a new trial.

REVERSED.