## BETTS v. THE CITY OF GLENWOOD.

1. **Practice in the Supreme Court:** ASSIGNMENT OF ERRORS. An amended assignment of errors, filed without leave after the filing of the appellee's argument, will not be considered.

2. ——: ——. Assignments of error not argued will not be considered.

3. ——: ——: INSTRUCTIONS. Exception must be taken to the giving of instructions to secure their review by the Supreme Court.

4. ——: ——: ——. Assignments of error were made as follows: "The court erred in refusing to give the instructions asked by defendant. The court erred in giving the instructions to the jury which were given. The court erred in overruling defendant's motion for a new trial. The court erred in rendering any judgment upon the verdict and special findings: *Held*, that such assignments were too general and inexplicit, and could not be considered.

### *Appeal from Mills Circuit Court.*

#### THURSDAY, OCTOBER 23.

ACTION at law to recover for injuries sustained by plaintiff from being thrown out of a wagon while riding in a street of the city of Glenwood. It is alleged that the accident was caused by the defective and dangerous condition of the street. There was a verdict and judgment for plaintiff; defendant appeals.

*Watkins & Williams*, for appellants.

*Hale, Stone & Proudfit*, for appellee.

BECK, CH. J.—I. A motion by plaintiffs was submitted with the cause to strike from the files an amended assignment of errors filed by defendant. The assignment of errors assailed by this motion was filed with defendant's reply to the argument of plaintiff; no leave was obtained for, and no notice given of, the filing of this paper.

1. PRACTICE in the supreme court: assignment of errors.

Assignments of error are required by the statute to be filed ten days before the trial term. Code, section 3183. The

object of the statute is to secure a fair trial by requiring the appellee to be informed in proper time of the objections urged against the judgment. When errors are assigned notice is then given the appellee of the objections relied upon. But if after argument by the appellee the appellant be permitted to make a new assignment of errors, thus presenting points not before raised, the purpose of the statute is defeated. Errors, therefore, filed after argument submitted by the other party cannot be considered. The motion to strike must be sustained.

Doubtless upon a proper showing leave would be granted to file an additional or new assignment of errors. In such a case the appellee would be entitled to time to present argument thereon.

II. The original assignment of errors is as follows:

"1. The court erred in excluding the evidence offered by the defendant, and excepted to, as appears in the record.

"2. The court erred in admitting evidence objected to by defendant, and excepted to at the time.

"3. The court erred in refusing to give the instructions asked by the defendant.

"4. The court erred in giving the instructions to the jury which were given.

"5. The court erred in overruling defendant's motion for a new trial.

"6. The court erred in rendering any judgment upon the verdict and special findings."

The objections raised in the first and second assignment of errors are not argued; under a familiar rule of this court they cannot be considered in the decision.

III. There were no exceptions taken to the instructions at the time they were given or within three days thereafter. A motion for a new trial was made, grounded partly upon alleged errors in the instructions. By agreement defendant had four days in which to make the motion; but defendant failed to include exceptions and the grounds thereof, as required in the motion for a new trial. Code, section 2789. No exceptions were, therefore, taken to the in-

structions given in the court below. We cannot consider objections now urged against them.

IV. But one objection is urged in argument against the court's ruling in refusing instructions asked, if indeed it can be understood to be claimed, in three lines of the argument, that the instructions should have been given for the reason that they present the doctrine of contributory negligence. But that doctrine was sufficiently presented in the instructions given; it was not error to refuse further instructions on the subject. As no other objection is raised in the argument, based upon the refusal to give the instructions, we cannot discuss them further.

V. It is proper to say that the third and fourth assignments of error are too general and inexplicit, thus failing to point out the alleged errors relied upon, to require examination. See *Hawes v. Twogood*, 12 Iowa, 582; *Sherwood v. Snow, Foote & Co.*, 46 Iowa, 481, and cases cited.

VI. The motion for a new trial presents nineteen grounds. The fifth assignment of error assailing the ruling thereon is so general and inexplicit that it fails to present any specific point of objection as required by Code, section 3207. We can consider no questions discussed by counsel under this assignment of error. *McCormic v. C. R. I. & P. R. Co.*, 47 Iowa, 345.

VII. The sixth assignment of error fails to point out specifically any objection. It does not comply with the requirements of Code, section 3207, and we can, therefore, consider no points made under it. *Tomblin v. Ball*, 46 Iowa, 190.

We have no satisfaction in disposing of this case without reaching the very merits. But such a result cannot be avoided, as the objections to the assignment of errors which we sustain were presented and urged by counsel for plaintiff. We cannot disregard the rules of practice prevailing here in order to secure a trial upon the merits, however desirable it may be.

AFFIRMED.