# Brown v. Rose.

1. **Practice:** APPEAL: JURISDICTION. Section 3168 of the Code, requiring alleged errors of the trial court to be called to its attention by motion or otherwise, before they can be reviewed by the Supreme Court on appeal, applies only to such errors as might otherwise escape the court's attention: a cause may be reviewed on appeal by the Supreme Court although no motion for a new trial was made in the court below.

2. **Practice in the Supreme Court:** ASSIGNMENT OF ERROR. An assignment for error of the ruling of the court on a motion for new trial, based upon several distinct grounds, is not sufficiently specific.

3. ——: ——. An amended assignment of errors, filed during a term of the court when the cause is otherwise ready for submission, is not too late, under the provisions of section 3183 of the Code, where the appellee asks and obtains a continuance in consequence.

4. **Adverse Possession:** UNIMPROVED PRAIRIE: ACTS OF OWNERSHIP. An instruction charging a jury that adverse possession might be predicated on the exercise of such acts of ownership, control and dominion, as are usually exercised by owners over their lands of like character, condition, and situation, is erroneous when applied to unimproved prairie lands.

*Appeal from Madison District Court.*

SATURDAY, OCTOBER 23.

THIS is an action for the possession of real estate. The defendant admits that the plaintiff is the owner of the legal title to the land described, but alleges that the plaintiff's right of action accrued more than ten years prior to the commencement of this suit, and is barred by the statute of limitations. The cause was tried to a jury and verdict and judgment were rendered for the defendant. The plaintiff appeals. The cause was before us on a former appeal. See 48 Iowa, 231.

*A. W. C. Weeks* and *C. C. Cole*, for appellant.

*McCaughan & Dabney*, for appellee.

Brown v. Rose.

DAY, J.—I. At the time of announcing the charge to the jury, the defendant excepted to the refusal to give certain instructions asked, and to the giving of all the instructions given.

1. PRACTICE: appeal : jurisdiction.

On the 13th day of September, the jury returned a general verdict for the defendant, and also certain special findings. Thereupon the plaintiff gave notice of a motion in arrest of judgment, for a judgment in his favor, and for a new trial. On the 14th day of September the plaintiff filed a motion for judgment in his favor on the special findings, notwithstanding the general verdict. On the 20th day of September this motion was overruled. On the 21st day of September the plaintiff filed a motion for a new trial. The appellee insists that the motion for a new trial was not made in time under section 2838 of the Code, and cannot be considered, and that, without a motion for a new trial properly filed, none of the errors assigned upon the giving and refusal of instructions can be considered.

We deem it unnecessary to determine whether the motion for a new trial was filed in time. Section 3169 of the Code provides: "The Supreme Court may review and reverse on appeal any judgment or order of the District or Circuit Court, although no motion for a new trial was made in such courts." We are satisfied that this section authorizes a review, without a motion for a new trial, of rulings made during the trial, and excepted to at the time. Appellee insists that, under section 3168, a motion for a new trial, or some motion for the correction of the error complained of, must be made in the court below, before the alleged error can be reviewed. This section is as follows: "A judgment or order shall not be reversed for an error which can be corrected on motion in an inferior court, until such motion has been made there and overruled." This section, in our opinion, applies only to such errors as, without such motion, would not be called to the attention of the inferior court. As decisive of this question see *Coffin v. City Council of Davenport*, 26 Iowa, 515;

*Webster v. C. R. & St. P. R. Co.*, 27 Id., 315; *Root v. Illinois Central Ry. Company*, 29 Id., 102; *Johnson v. Semple*, 31 Id., 49: *Presnall v. Herbert*, 34 Id., 539; *Drefahl v. Tuttle*, 42 Id., 177.

II.  The motion for judgment in favor of plaintiff notwithstanding the general verdict is based upon four distinct

2. PRACTICE IN THE SUPREME COURT : assignment of errors.

grounds.  The motion for a new trial is based upon eleven distinct grounds.  The errors assigned upon the overruling of these motions are as follows:  "The court erred  *  *  *  *  *

*Twenty-sixth.*  In overruling plaintiff's motion for judgment upon the special findings notwithstanding the general verdict. *Twenty-seventh.*  In overruling plaintiff's motion for a new trial."  The appellee insists that these assignments are not sufficiently specific to present any question for our consideration.  The objection is well taken.  *Reilly v. Ringland*, 44 Iowa, 422; *Morris v. The C. B. & Q. R. Co.*, 45 Id., 29; *Oschner v. Schunk*, 46 Id., 293; *Tomblin v. Ball*, Id., 190; *Bardwell v. Clare*, 47 Id., 297; *McCormick v. C. R. I. & P. R. Co.*, Id., 345.

III.  Prior to the December term, 1879, of this court the argument of the appellant and of the appellee were filed.

3. ——: ——.

On the 8th day of December 1879, the appellant filed an amendment to the assignment of errors, making the twenty-sixth and twenty-seventh assignment of errors sufficiently specific.  The appellee made a motion to strike this amended assignment from the files.  The court determined that this motion should be submitted with the cause, and added that the cause should stand continued if the appellee so desired.  The appellee then intimated that he desired the cause continued, if the motion was submitted with the cause. Accordingly the cause was continued to the June term, 1880. The appellee filed a supplemental argument.  It is now insisted that the motion to strike the amended assignment of errors from the files should be sustained.

Appellee relies upon *Betts v. The City of Glenwood*, 52 Iowa, 124.

Section 3183 of the Code requires assignments of error to be filed ten days before the first day of the trial term. The amended assignment was filed on the 8th day of December, but the trial term for this case was not until the following June. The assignment was, therefore, in time, under the statute.

IV. It is conceded that the plaintiff is the owner of the legal title to the land in controversy, and that he is entitled

<span style="float:left">4. ADVERSE POSSESSION : unimproved prairie: acts of ownership.</span> to recover, unless his right of action is barred by the statute of limitations. The action was commenced on the 28th day of December, 1875. The evidence tends to show that the defendant purchased the land in controversy about October 1, 1865, of Arthur Connelly, through his agent, M. Glazebrook. The contract was verbal. It does not appear when payment for the land was made. The deed from Connelly to the defendant was executed May 2, 1867. The land was uninclosed prairie. The evidence as to possession prior to December 28, 1865, is as follows: The defendant testified: " I went on it a month or so after I bought it to hunt for the northwest corner, with an object of improving it the next spring-breaking. I had a spade with me and was digging around where I supposed the northwest corner was to ascertain where the north and west lines were. I dug on the land in controversy. I was on it frequently. I went on the land and engaged in those operations by virtue of my contract with Glazebrook. My object in ascertaining the northwest corner, and the lines, was to find them so I could tell where to break the next spring. John Rose was with me. I then claimed the whole eighty acres, by virtue of my contract with Mr. Glazebrook. My cattle ran on the land the summer and fall of 1865. I drove them on there. This land was prairie land. I broke twenty acres in the spring of 1866, and fenced it in winter of 1866–7, and sowed it in wheat in spring of 1867."

John Rose testified: "I was on the land with defendant before any breaking was done. We went to look for north-west corner, and trace the lines. We dug into a mound or two, to look for the old stake. I think it was before Christmas, 1865. The ground was not frozen. Defendant has been in the possession of the land since the fall of 1865. The first breaking was in the spring of 1866." The evidence further shows that wild prairie land was not ordinarily put to any use from October to April. The defendant paid the taxes on the land from the years 1866 to 1875, both inclusive.

The appellant assigns as error the giving of the following instructions:

"V. It is not essential to the existence of actual, adverse possession of real estate that it should be surrounded by a fence, or that it should be built upon. But such possession may be inferred from the open, notorious, continuous and exclusive exercise of such acts of ownership, control and dominion with reference to the real estate as are usually exercised by the owners of lands over their lands of like character and in like situation and condition."

"VI. It is not every act of ownership from which will arise such a cause of action as that the bar of the statute of limitations will begin to run against the owner of real estate. The bar of the statute will begin to run only from the beginning of such open, notorious, distinct, exclusive, adverse, and hostile acts of ownership as are commonly exercised by the owners of lands over their lands of the same character, condition and situation."

These instructions are a literal copy of those for the giving of which the cause was reversed on the former appeal. See 48 Iowa, 281.

That they are erroneous cannot admit of any question. The evidence shows that, from the time the plaintiff claims he first went upon the land to look for the corner until the following April, wild prairie land is not ordinarily put to any use. In order to bar the plaintiff's right of action it must

appear that the defendant had adverse possession of the land prior to December 28, 1865. Under these instructions and the evidence the jury were authorized to find the existence of adverse possession, without proof of any actual possession or use whatever.

The cases cited and relied upon by appellee, in which language similar to that used in these instructions was employed, were all cases in which the land was timbered, or had a stone quarry upon it, or was susceptible of some use or enjoyment in its wild state.

The appellee insists that in order to bar the right of action it is not necessary that possession should be adverse, or hostile, and cites and relies upon *Vanderyn v. Hefner et al*, 45 Ind., 589. The contary doctrine has been uniformly and often held in this State.

VII. It is urged that the court should have sustained the motion for a new trial, on the ground that the verdict is not sustained by the evidence. All the acts of possession prior to December 28, 1865, are set out in the fourth division of this opinion. They are, it seems to us, entirely insufficient to establish such adverse possession as is necessary to bar a right of action.

VIII. It is claimed that the court should have sustained the motion for judgment in plaintiff's favor, on the special findings, notwithstanding the general verdict. It must be remembered that the answer admits that plaintiff is the owner of the legal title, and it is conceded he is entitled to recover, unless the right of action is barred by the statute of limitation.

The following special interrogatories were submitted to the jury, and answers were returned. "If you find there were acts of occupancy on or prior to December 28, 1865, what were those acts?"

"Digging and hunting for a corner and boundary lines, and driving cattle onto the land, and employing a man to break the land in the following spring."

"For how many years prior to the commencement of this action had the defendant, George Rose, and those under whom he claims title, paid taxes on the real estate in controversy?"

"Sixteen years."

These are the only acts of possession which the jury find existed. They are not sufficient to bar the plaintiff's right of action. The plaintiff, therefore, was entitled to judgment upon the facts found, in connection with those admitted in the answer.

REVERSED.