RUSSELL & CO. v. JOHNSTON ET AL.

1. **Appeal to Supreme Court**: TRIAL DE NOVO: CERTIFICATION OF EVIDENCE: TIME. In order to a trial *de novo* in this court, it must affirmatively appear that the evidence was certified by the judge within the time for taking an appeal. Chap. 35, Laws of 1882; *Mitchell v. Laub*, 59 Iowa, 36. Accordingly, where the judge's certificate is not dated, a trial *de novo* cannot be had.

2. **Practice in Supreme Court**: ASSIGNMENT OF ERRORS: TIME OF FILING. An assignment of errors not filed ten days before the first day of the term, and not until after appellee's argument is filed, cannot be considered. Code, § 3183; *Betts v. City of Glenwood*, 52 Iowa, 124.

*Appeal from Tama Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION to enforce a mechanic's lien. Defendant W. F. Johnston entered into a contract with one J. T. Elliot for the erection by the latter of a dwelling-house and a barn on lands belonging to the former. Elliot contracted to furnish all material and perform all the labor necessary in the erection of said building. He purchased certain material from plaintiffs to be used therein. They filed the statement required by the statute in the office of the clerk of the district court, and afterwards instituted this suit, in which they ask that their lien be established and enforced. The judgment of the circuit court was for defendants, and plaintiffs appeal.

*J. A. Merritt* and *Struble & Kinne*, for appellants.

*E. C. Ebersole*, for appellees.

REED, J.—This is an equitable action, and was tried in the circuit court in the manner prescribed by statute for trying equitable actions. The evidence was taken down by the short-hand reporter, and a transcript was afterwards filed in the clerk's office. Attached

*1. APPEAL to supreme court: trial de novo: certification of evidence: time.*

to this transcript is a certificate of the judge of the circuit court to the effect that it contains all of evidence offered on the trial of the cause. This certificate is not dated. Appellants allege in their abstract that the evidence was duly certified by the trial judge; but this allegation is denied by appellee in an amended abstract filed by him.

Counsel for appellee contends that upon this record the cause is not triable *de novo* in this court, and we think the correctness of this position must be admitted. Under section 2742, McClain's Statute (chapter 35, Acts Nineteenth General Assembly,) this court has jurisdiction to try an equitable action anew only when the evidence has been taken down in writing and certified by the judge within the time allowed for the appeal in the cause and made part of the record. It is impossible to determine from the record before us whether the certificate was made within the time prescribed or not. It should be made to appear affirmatively that it was signed at the proper time. We cannot presume that it was so signed. See *Mitchell v. Laub*, 59 Iowa, 36.

Appellants, at the time they filed their reply to appellees' argument, also filed an assignment of errors, and they ask us, in case we are not able to try the cause anew, to determine it on the errors assigned. But the assignment of errors was not filed ten days before the first day of the term, and not until appellants' argument was filed. We cannot therefore consider it. See Code, § 3183; *Betts v. City of Glenwood*, 52 Iowa, 124; *Independent Dist. of Crocker v. Independent Dist. of Ankeny*, 48 Id., 206.

2. PRACTICE in supreme court: assignment of errors : time of filing.

The appeal will be

DISMISSED.