## STANLEY v. BARRINGER.

1. **Master and Servant**: WORK DONE ON FARM: EVIDENCE. In an action for services upon a farm during a series of years, where others were also employed during the time, evidence tending to show that the defendant had a large farm and a large number of cattle and horses was immaterial.

2. ———: ———: SUFFICIENCY OF PAYMENT: SERVANT'S SATISFACTION. In such case, where the servant testified in part as to what he had received for his services, and stated that he, at the time, thought that he was well enough paid, and that he would have been satisfied had it not been for the influence of other parties, *held* that, in the absence of any showing of fraud or undue influence, he was not entitled to recover.

3. **Appeal**: PRACTICE: AMENDING ASSIGNMENT OF ERRORS: TIME: COSTS. Although an original assignment of errors may not be filed in this court later than ten days before the first day of the trial term (Code, sec. 3183), yet an amendment to such assignment may be filed, under section 2689 of the Code, upon motion for leave to do so, at any time before the submission of the cause; but, in this case, the costs incurred up to the time of filing the amendment are taxed to the appellant.

*Appeal from Palo Alto District Court.—*Hon. Geo.
H. Carr, Judge.

Filed, March 8, 1888.

Action to recover for work and labor performed by
the plaintiff for the defendant. Trial by jury. Verdict
and judgment for plaintiff. Defendant appeals.

*Harrison & Jenswold,* for appellant.

*Hughes & Chamberlain* and *P. O. Cassidy,* for
appellee.

Seevers, C. J.—The plaintiff seeks to recover for
work and labor performed for the defendant under an
express and implied contract. The jury found for the
defendant as to the express contract. So far as mate-
rial to the plaintiff's recovery on the implied contract,
the facts are that the plaintiff worked and labored for
the defendant for several years as a farm-hand, and he
claims he is entitled to recover what his services are rea-
sonably worth. He commenced working for the defendant
in 1880, when he was eighteen years of age, and so con-
tinued in such employment until 1886. During this time,
his home was at the defendant's, and he received "good
and sufficient clothing, medicine and doctor's attendance
when required, and sufficient spending money for his
wants." The evidence fails to show what the services
performed were worth, but there is evidence tending to
show what the plaintiff did, and the value of, or price
paid for, farm-hands during at least a portion of the
time plaintiff worked for defendant.

I. The plaintiff was permitted, against the defend-
ant's objection, to introduce evidence tending to show
that the defendant had a large farm and a
large number of cattle, cows and horses. It
is said that the evidence was admissible on
the theory that it tended to show the amount of work

1. Master and
servant: work
done on farm:
evidence.

Stanley v. Barringer.

done by the plaintiff. It is not claimed that the plaintiff did all the work on the farm, but it is said the evidence tended to show he did as much as others in the plaintiff's employ, and, therefore, the evidence was admissible. But we do not concur in this proposition. The plaintiff sought to recover what his services were worth. No special circumstances were pleaded or relied on. Therefore, it was immaterial how many cattle and horses or how large a farm, the defendant had; but the only questions were: Did the plaintiff perform work for the defendant, and what were his services worth? We think the court erred in admitting the evidence.

II. The plaintiff testified: "I cannot swear to a certainty. He agreed to give me the same wages he was

**2. ——:——:** paying his other hands. That is a God's
sufficiency of
payment: ser- fact. * * * I had with them a good
vant's satis-
faction. home, good and sufficient clothing, medicine and doctor's attendance when I needed it, and sufficient spending money for my wants. I have been dressed as well as any farmers' boys in this part of the country. I left him. * * * When I bid him good-by, he gave me a pair of boots and some spending money. Had it not been for other parties telling me to the contrary, I would have been satisfied with what I had got, but they told me to see Hughes, of Spencer, and sue him My judgment was that he had paid me all I ever had been worth to him." Under this evidence, we are clearly of the opinion that plaintiff was not entitled to recover, and the verdict should have been for the defendant. The other evidence is not so strong and persuasive as to overcome that of the plaintiff. No fraud or undue influence is shown, nor does it appear how much the plaintiff received, but he, under oath, states that in his judgment he was paid all his services were worth. Counsel for the plaintiff in argument assert that the record does not contain all the evidence, but no such statement is contained in the amended abstract. The abstract purports to contain all the evidence. The motion for a new trial should have been sustained on

the ground that the verdict was not sustained by the evidence; unless, as the plaintiff contends, we cannot consider the error assigned, that the verdict is against the evidence. This question we proceed to consider.

III. This case was submitted at the October term, and such was the trial term. On the fifteenth day of September the abstract and assignment of errors was served on counsel for appellee, and filed in this court. Appellee's amended abstract was served on the eleventh, and filed in this court on the thirteenth, of October. On October 11, an additional assignment of errors was placed in the post-office at Emmetsburg, directed to one of the counsel for the defendant at the same place. It was inclosed in an envelope, and postage thereon paid. Ordinarily we would assume that it was received the next day, but counsel for appellee in argument state that it was not in fact received until the fourteenth day of October, on which day such assignment was filed in this court, and the cause submitted on the twenty-fifth day of said month, together with a motion to strike out the additional assignment of errors, on the ground that the same is not authorized by the rules of this court, or any statute; and this is the question we are called to determine. The rule relied on is number fifty-one, but that provides that the court in its " discretion may waive the failure to file an assignment of errors at the time therein provided." The rule does not refer to additional or amended, but to the original, assignment of errors. The serious difficulty is that the statute provides that the assignment of errors must be served ten days before the first day of the trial term, and if this is not done the appellee may have the appeal dismissed or the judgment affirmed, unless good cause be shown for the failure by affidavit. Code, sec. 3183. Of course, this statute cannot be abrogated by a rule of this court. See *Ind. District of Croker v. Ind. District of Ankeny*, 48 Iowa, 206. The right of appellant to file an amended assignment of errors was recognized in *Brown v. Rose*, 55 Iowa, 734, and *Kendig v. Overhulser*, 58 Iowa, 195;

**3. APPEAL:** practice: amending assignment of errors: time : costs.

but in these cases the amendments were filed ten days before the trial term. At least it was so held in the case first cited. It has also been held that such assignment filed with the reply to appellee's argument is too late. *Betts v. City of Glenwood*, 52 Iowa, 124 ; *Russell v. Johnston*, 67 Iowa, 279. But the distinction between these cases and the one at bar is that the amended assignment in the former was not served on the appellee. In the latter it was served ten days before the case was set for hearing. It is evident that section 3183 of the Code has reference to the original assignment of errors, and not to any amended or additional assignment that may be filed. Now the question is whether, in the furtherance of justice, this may be done. This question must be answered in the affirmative, for the reason that the statute so provides, as we construe it. Code, sec. 2689. This statute is of a general character, and applies to all courts, and is peculiarly applicable to a court of last resort, for the reason that ordinarily, if a mistake cannot be corrected before the case is submitted, it never can be. It has been the practice to permit amended assignments of error to be filed on motion for leave to do so, and we have thought it best to formally sustain such practice in this case, so that the profession may be properly advised. Counsel for the appellee insist, in the event the amended assignment of errors is permitted to stand as a part of the record, that appellant should pay all costs incurred up to the time it was filed. This position we think should be sustained, and the costs will be taxed accordingly.

REVERSED.