WILLIAM SILVERS, Plaintiff, v. H. C. TRAVERSE, Judge, Defendant.

1. Contempt: VIOLATION OF INJUNCTION: INFORMATION: PLEADING. An information charging one with contempt of court in violating an injunction, which formerly issued from, and was based upon a

decree in, the same court as that wherein the information was filed, need not set out a copy of such decree, where the proceeding is before a court, but will be deemed sufficient if it refer to such decree as of its date, and to the book and page where it is recorded.

2. ———: ———: ILLEGAL USE OF REAL ESTATE BY LESSEE: JURISDICTION. An injunction issued under the provisions of Code, section 1543, for the abatement of a nuisance existing upon certain described premises, operates upon the property as well as upon the person of the defendant, and one who uses said property for the unlawful sale of intoxicating liquors may be punished for contempt, though he was not a party to the injunction proceedings.

3. Injunction against Liquor Nuisance: EFFECT ON REAL ESTATE: NOTICE. Such an injunction operates as a restriction upon the use of the property against which it is directed, which follows the property into the hands of the grantees of the injunction defendant, and all persons acquiring any interest therein are bound to take notice thereof from the time that the proceedings for an injunction are instituted.

## Certiorari.

### FRIDAY, JANUARY 30, 1891.

THIS is an action of *certiorari* to test the legality of proceedings, wherein the plaintiff, a lessee of premises in question, was arrested and committed for contempt of court for the violation of an injunction against the use of said premises for the sale of intoxicating liquors; the plaintiff not being a party to the proceeding wherein said injunction issued.—*Petition dismissed.*

*W. S. Coen*, for plaintiff.

*W. A. Work* and *J. F. Blake*, for defendant.

BECK, C. J.—An information was filed in the district court of Wapello county charging the plaintiff in this case with violating an injunction restraining the sale of intoxicating liquors upon premises described in the decree, and other proceedings. There was no copy of the decree, and injunction issued thereon, attached to or set out in the information. It shows that the

decree was rendered in the same court wherein the information was filed, and it sets out the date of the rendition of the decree, and the book and page wherein it is recorded. The decree was introduced in evidence on the trial of the case. It enjoins and restrains all persons from using or occupying the premises for unlawful keeping or traffic in intoxicating liquors. The plaintiff herein was not a party to the injunction proceedings. He leased the premises from the defendant named in the injunction decree, and they are the same as are described therein. It was shown upon the hearing on the information for contempt, by sufficient evidence, that the plaintiff occupied and controlled the premises, and used them for the unlawful keeping and sale of intoxicating liquors. No evidence was introduced on the trial on behalf of the plaintiff.

The plaintiff alleges that the district court acted illegally: *First.* In overruling a motion made by him to quash the information for the reason that it contained no copy of the injunction decree; *second,* in admitting the decree in evidence against the plaintiff's objection, based upon the ground that the plaintiff was not a party to the injunction proceedings; *third,* in finding the plaintiff guilty without evidence showing that he had knowledge of the decree and injunction; *fourth,* in finding the plaintiff guilty when he was not a party to the original injunction proceedings.

II. The contempt proceedings were in the same court wherein the injunction proceedings were had. The decree is specifically referred to in the information. The contempt proceedings were brought before the court, and not before the judge at chambers. The information in that it showed the violation of the injunction, and the existence of the decree, was a sufficient compliance with Code, section 3495, applicable to proceedings before the court. Code, section 3403, cited by plaintiff's counsel, requires, when proceedings for contempt are instituted before a judge, that an authenticated

1. CONTEMPT: violation of injunction: information: pleading.

copy of the injunction shall be furnished to him.   This section is not applicable to this case.

III.   The second and fourth objections to the judgment in the contempt proceedings are based upon the ground that the plaintiff was not a party to the injunction proceedings.   Code, section 1543, provides that "any person violating the terms of any injunction" to abate the nuisance existing in a place kept for the unlawful keeping or sale of intoxicating liquors shall be punished for contempt.   It will be observed that this section declares that a place maintained for the unlawful keeping and sale of intoxicating liquors is a nuisance, which may be abated by injunction.   There is no statute prescribing what persons shall be made defendants under this section.   Doubtless, the person maintaining the place at the time is a proper party.   The decree for abatement operates upon the property as well as upon the person of the defendant.   It declares the sentence of the law that the nuisance shall be abated, and, by process issued thereunder, doubtless the order of abatement may be enforced.   It is plain that the decree reaches further than the party named as a defendant.   It enforces the mandate of the law for the abatement of the nuisance, and to that end reaches the property itself.   One who used the property unlawfully for the sale of intoxicating liquors, in addition to being a violator of the law, violated the injunction resting upon the property, and, as such, may be punished for contempt, though he was not a party to the injunction proceedings.

2. ——: ——: illegal use of real estate by lessee: jurisdiction.

IV.   It is insisted that the plaintiff was illegally found guilty of contempt, for the reason that it was not shown that he had knowledge of the injunction proceedings.   The action for an injunction pertained to and affected real estate, as we have just pointed out.   This action is notice to all the world of the matter involved therein; and all persons dealing with the property, or acquiring an interest therein, after the proceedings were

3. INJUNCTION against liquor nuisance: effect on real estate: notice.

instituted, are charged with notice of the proceedings. Code, sec. 2628. The decree was against plaintiff's lessor, who was the defendant in the suit. It affected his right and interest in the property; that is, it limited and cut off his power to use the property for the unlawful keeping and sale of intoxicating liquors. The decree was a restriction upon the use of the property which followed it as a burden, and, as it were, an incumbrance. Surely the plaintiff, in taking the property, took it, subject to this restriction and burden. In our opinion, these conclusions are based upon familiar doctrines applicable to all actions and proceedings in the courts. If the rule we announce be not recognized, the attempt to enforce injunctions to abate nuisances of all kinds would be vain. The defendant perpetrating the nuisance could wholly defeat the law by leasing or transferring the property to one who had no notice thereof. He could begin anew the perpetration, and could only be enjoined by a new action, and when so enjoined he could in a like manner transfer the property and so on indefinitely, defeating the law, to the scandal of public justice, and the oppression of the people. In our opinion, the district court lawfully exercised its jurisdiction in the contempt proceeding.

The plaintiff's petition is DISMISSED.