J. H. BUHLMAN *et al.* v. JAMES HUMPHREY *et al.*

| 86 | 597 |
|---|---|
| d89 | 487 |
| f90 | 757 |

| 86 | 597 |
|---|---|
| 102 | 109 |

| 86 | 597 |
|---|---|
| 105 | 482 |

| 86 | 597 |
|---|---|
| 111 | 413 |

1. **Practice in Supreme Court:** ASSIGNMENT OF ERRORS: AMENDMENT: COSTS: TIME OF FILING. An amendment to an assignment of errors, served and filed ten days before the term of the supreme court at which the cause is set for hearing, but after argument by the appellee, will not be stricken from the files on motion, where it appears that the appellee had nearly two weeks' time thereafter to file further

argument, and that, although notified by the appellant by letter that
he could have all the time he desired for further argument, he con-
sented to a submission of the cause without asking time therefor.

2. **Liquor Nuisance:** INJUNCTION: OPERATION AS TO SUBSEQUENT
PURCHASERS. A decree in an injunction proceeding, restraining cer-
tain persons therein named from keeping a liquor nuisance upon
certain described premises, is not binding upon a subsequent pur-
chaser of said premises, or his lessees, so as to subject them to
punishment for contempt, under section 1543 of the Code, for a viola-
tion of such injunction, even though they have knowledge of its
provisions.

*Certiorari to Clayton District Court.*—HON. W. A.
HOYT, Judge.

MONDAY, OCTOBER 24, 1892.

PROCEEDING by *certiorari*, instituted in this court
by the plaintiffs to test the legality of the action of
Hon. W. A. HOYT, district judge, in refusing to find
the defendants guilty of a contempt.

*A. Chapin*, for plaintiffs.

*John Larkin* and *Noble & Updegraff*, for defendants.

KINNE, J.—The record shows that on September
6, 1887, in an action brought by E. B. Garden and
others against Patrick Mullen and Ann Mullen, in
Clayton district court, it was adjudged by the court
that the defendants therein had been keeping and
maintaining a liquor nuisance in a building situated on
lot 5 in fractional block 5, in the village of Elka-
der, in said county. By the decree, "It is therefore
ordered, adjudged, and decreed that said nuisance be
abated, and that the temporary injunction heretofore
granted in this case be, and the same is hereby, made
perpetual, and the defendants Patrick Mullen and Ann
Mullen are hereby perpetually enjoined from further
keeping and maintaining said place, as hereinbefore
described, as a place for the sale of intoxicating liquors,

or selling or permitting intoxicating liquors to be sold thereat or therein contrary to law." July 31, 1891, a complaint was filed in Clayton district court, reciting the above facts, and averring that said injunction was still in force, and charging that about October 22, 1890, said Ann Mullen conveyed said premises to Martin Mullen, a defendant herein; that he had leased same to the defendants herein, Humphrey and McLaughlin, and that they, as well as the defendant Bradshaw herein, had, during the period of said lease, maintained on said premises a place for the illegal sale of intoxicating liquors, in violation of said injunction; that the defendant Martin Mullen knew of said liquor nuisance. It was claimed all the defendants herein were guilty of contempt. Martin Mullen demurred to the complaint: *First.* Because it was not averred that he had knowledge of the injunction at the time of its alleged violation. *Second.* That more than two years had elapsed from the granting of the injunction to the time of the alleged violation. *Third.* That the defendant was not a party to the injunction proceedings, nor was any order made against him or against any of the defendants. *Fourth.* It does not appear that the premises described in the petition were ever closed, or ordered closed, in said injunction proceeding, or that they were enjoined from being used for the illegal sale or keeping of intoxicating liquors. *Fifth.* It does not appear that this defendant ever broke open or used any premises that were ordered closed, or in fact closed, in any injunction proceedings within one year after such order to close was made. A demurrer in substance the same was filed on behalf of the other defendants. On September 2, 1891, the court sustained the demurrers, to which ruling the plaintiffs excepted, and as to the defendants Mullen and Humphrey selected to stand upon their complaint, and appealed, and as to the other defendants they amended their petition. A

motion to strike the amendment from the files was overruled, and as to said defendants the cause was continued.

I. The plaintiffs, ten days before the beginning of the May term of this court, presented an amendment to their assignment of errors, and asked leave to file the same. The amendment was in fact filed, and the defendants move to strike it from the files. It appears that the original assignment of errors and the plaintiffs' argument were served on the defendants March 8, 1892, and filed March 24, 1892; that the defendants served their brief on the plaintiffs April 23, 1892, and filed the same April 25, 1892. On April 30 the plaintiffs filed their amended assignment of errors, and still later their reply to the defendants' argument. The defendants contend said amended assignment comes too late, that they have had no opportunity to argue matters therein set forth, and that the errors set out in said amendment were not argued in the plaintiffs' opening argument. The plaintiffs make a showing, which is not denied, from which it appears that on May 4, 1892, six days prior to the beginning of the May term of this court, they, by letter, notified the defendants' counsel that they could have all the time they desired to make further argument, and at same time sent them a copy of their reply. The assignment of errors appears to have been mailed to the defendants' counsel prior to this time. This case was assigned for hearing in this court on Monday, May 16, 1892.

Under Code, section 2689, providing for amendments, it has been held that this court would permit the filing of an amended assignment of errors in furtherance of justice. *Stanley v. Barringer*, 74 Iowa, 38; *Loughran v. City of Des Moines*, 72 Iowa, 384. The right to file such amended assignment is recognized in several cases. *Brown v. Rose*, 55 Iowa, 737; *Kendig*

1. PRACTICE in supreme court: assignment of errors: amendment: costs: time of filing.

*v. Overhulser*, 58 Iowa, 197. In *Betts v. City of Glenwood* (52 Iowa, 124), an amended assignment of errors, filed without leave or notice to the appellee, and, after the latter's argument had been filed, was, on motion, stricken out, but the court said "doubtless, upon a proper showing, leave would be granted to file an additional or new assignment of errors. In such a case the appellee would be entitled to time to present argument." In *Russell v. Johnston* (67 Iowa, 280), the original and only assignment of errors was not filed ten days before the first day of the term at which the cause was to be heard, and it was held too late. Under the facts of this case and of the decisions of this court, it appears to us the motion to strike the amended assignment of errors must be overruled. As the defendants' counsel had nearly two weeks after receipt of a copy of the amended assignment of errors in which to make further argument, if so advised, and as the plaintiffs also advised them they could take all the time they wished for further argument, and they failed to file further argument, or to make a showing of a reason, if any existed, why they could not do so, and consented to a submission of the case without asking further time, we do not think they are in a position to complain. The costs made by filing the amended assignment of errors will, however, be taxed to the plaintiffs.

II. The real point of contention in this case is, is a decree which enjoins certain parties, naming them, from keeping a liquor nuisance in certain

2. LIQUOR nuisance: injunction: operation as to subsequent purchasers.

described premises binding upon a subsequent purchaser of the premises or his lessees? It is a general rule of law that "the obligations of an injunction will not usually be extended to persons who are not named in the writ, and they will not be liable for a breach of a mandate which is not directed to them." 2 High on Injunction

[2 Ed.], section 1440; *Barthe v. Larquie,* 7 South. Rep. (La.) 80.    The plaintiff insists that the case of *Silvers v. Traverse,* 82 Iowa, 52, is decisive of the question here presented.    That was a case wherein the decree enjoined and restrained "all persons from using or occupying the premises for unlawful keeping or traffic in intoxicating liquors," and the question arose there, whether a lessee of the defendant in the injunction proceeding was bound by the decree, he not having been a party to the action.    It was held that he was concluded by the decree.    In that case, by the very terms of the decree, it applied to every one who should thus illegally use the premises.    Not so in the case at bar, where, by the express wording of the decree, it is limited in its operation and effect to the parties therein named.    By no reasonable rule of construction can such a decree be said to run against, or attach to, the property in the hands of a purchaser or his lessees. Code, section 1543, provides that "any person violating the terms of any injunction" to abate the nuisance, etc., shall be punished for contempt.    Clearly, that provision must mean that, in order to be guilty of a contempt, the violator must be one who is within the terms of the decree.

To our minds it is immaterial whether the defendants, in fact, knew of the injunction or not.    It was not directed against them; it did not attach to the property as against them; it simply, by its terms, enjoined the defendants in the injunction suit from doing or permitting certain things to be done.    An injunction is an extraordinary remedy, and its force and legal effect should not be extended by implication. Counsel for the plaintiff do not cite any authority, nor do we find any which would justify his contention that a decree worded as this is should be held to attach to, or follow the real estate into the hands of, a purchaser or his lessees.    As our view of this question is decisive

of the case, we need not consider the other questions raised. The district court did not err in overruling the demurrer. AFFIRMED.