## B. F. NEWCOMER v. JAMES TUCKER.

**Liquor Nuisance**: INJUNCTION: CONTEMPT.   A tenant can not be charged with contempt for the violation of an injunction of which he has no knowledge, restraining the owner of premises alone from the maintenance of a nuisance by the illegal sale of intoxicating liquors thereon.

*Certiorari to Winneshiek District Court.*

TUESDAY, OCTOBER 17, 1893.

THIS is a proceeding in contempt for the violation of an injunction against one Joseph Lamm, restraining him from keeping and maintaining a nuisance by the sale of intoxicating liquors.   The district court held the defendant to be in contempt, and assessed a fine against him.   The defendant sued out a writ of *certiorari*, and asks that the proceeding and judgment be reversed by this court.— *Writ sustained.*

*John B. Kaye*, for plaintiff.

*Geo. W. Adams*, for defendant.

ROTHROCK, J.—The decree enjoining Joseph Lamm from maintaining the nuisance was entered in the district court in the month of February, 1887, and said decree was made perpetual on the seventh day of

April, in the same year. That part of the decree material to the present inquiry was as follows:

"That a temporary injunction issue against the said Joseph Lamm, enjoining and restraining the said Joe Lamm from selling intoxicating liquors unlawfully on the following described premises, to wit: A certain building or buildings situated upon lot eight, of block two, of Decorah, in Winneshiek county, Iowa, and restraining the said Joe Lamm from using and occupying said above described premises, and the buildings thereon, for the purpose of keeping, selling, giving away, or storing therein or on said premises, any intoxicating liquors in violation of law."

This proceeding in contempt was commenced in September, 1891. It appears from the record that Tucker, the defendant herein, was a lessee of the premises, and in possession thereof as the tenant of Lamm; but it does not appear that he had any knowledge of the injunction. The case appears to be in all respects like *Buhlman v. Humphrey*, 86 Iowa, 597, where it was held, that a subsequent purchaser of the premises, or his lessee, was not liable for the violation of the injunction, because he was not within the terms of the decree. In that case counsel for the attachment for contempt insisted that the case of *Silvers v. Traverse*, 82 Iowa, 52, was authority for sustaining the proceedings in contempt. But this position was not sustained by this court, because in the last named case the decree enjoined "all persons from using or occupying the premises for the unlawful keeping or traffic in intoxicating liquors." The cases were therefore held to be distinguishable. We think that the district court rightly held that the defendant in that case was not within the terms of the decree.

It is due to the learned district judge who decided this case to say that the case of *Silvers v. Traverse, supra,* was decided by this court before the case at bar

was tried in the court below, and that there is language used in the opinion in that case, not necessary to its determination, which might seem to authorize the conclusion reached by the district court in this case. The case of *Buhlman v. Humphrey, supra,* was decided by this court since this case was tried and decided in the district court.

The writ of *certiorari* will be sustained, and the decree of the district court is REVERSED.