JAMES DERMEDY v. D. V. JACKSON, JUDGE, SEVENTH JUDICIAL DISTRICT OF IOWA.

**Intoxicating liquors:** INJUNCTION : SCOPE OF DECREE : CONSTRUCTIVE
1 NOTICE. A decree restraining the sale of liquor in a certain place which in terms enjoins the defendant and all persons claiming through or under him, and all other persons, and the building as a place for the illegal sale and keeping of intoxicants, is sufficiently broad in its terms to prohibit all persons from maintaining a nuisance on the premises; and is sufficient as a public record to impart constructive notice to all persons.

**Same:** CONTEMPT : INFORMATION : WHO MAY FILE SAME : PROSECUTION.
2 It is not essential that the information in contempt proceedings for the violation of an injunction be filed by the plaintiff in the original action; nor is it essential that the county attorney appear and prosecute the contempt proceeding.

**Contempt:** TITLE OF PROCEEDING. The title of a contempt proceeding
3 is not very material; it may be under the title of the cause to which it is incident, or it may be in the name of the state against the defendant.

**Decree of court:** SIGNATURE OF JUDGE. A decree of court in fact
4 signed by the judge is not invalid because his signature is not accompanied with his official designation.

**Intoxicating liquor:** INJUNCTION : DECREE : CONFORMITY WITH PETI-

TION. A petition asking that a building be enjoined as a place for the sale or keeping for sale of liquor in violation of law, and such other relief as petitioner may be entitled to, is broad enough to support a decree enjoining defendants from using the building for the sale or keeping for sale of liquor, or permitting it to be done by persons under their control; and to enjoin the building as a nuisance and as a place for the illegal keeping and sale of intoxicants.

**Same:** INJUNCTION: CONTEMPT: IDENTITY OF PREMISES. Where the description of premises in a contempt proceeding is by lot and block, the same as in the action to enjoin the nuisance, there is a sufficient identity of the premises although there may be a discrepancy in the name of the building. But were this not true the effect of the claimed discrepancy can not be raised for the first time on appeal.

**Of the certification and filing of evidence.** The return and judge's certificate in a contempt proceeding for the violation of an injunction are conclusive as to the date of filing the evidence by the reporter, although his certificate shows that the same was filed on a different date.

*Certiorari to Muscatine District Court.*

MONDAY, MARCH 14, 1910.

THERE was a contempt proceeding against plaintiff for the violation of an alleged liquor injunction. The plaintiff was found guilty, and fine and imprisonment were imposed. He has sued out a writ of certiorari in the nature of an appeal from such order.—*Affirmed.*

*J. G. Kammerer* and *E. F. Richman,* for petitioner.

*Betty & Betty,* for defendant.

EVANS, J.—One Orr filed information against the defendant charging him with the violation of a liquor injunction entered some years ago in the case of Kessinger against First National Bank and others, a suit to which the informant Orr was not a party. Nor was the defendant a

party to such suit. The decree of injunction in such previous case provided, among other things, that the defendants and "each of them are further enjoined from using said building or premises or any part thereof as a place for the sale or keeping for sale of intoxicating liquors in violation of law, or permitting the same to be done by any other person or persons under their control, and said building and premises are hereby enjoined as a nuisance and as a place for the illegal sale and keeping for sale of intoxicating liquors and against the use therefor by said defendants and any person or persons claiming by, through, or under them or either of them, and all other persons."

I. That the defendant kept and sold intoxicating liquors upon the premises described in the information is undisputed. It is urged in his behalf that it is not proven that he had notice of the previous injunction. The proceeding was for contempt of court. It was sufficient for the informant to show that he violated the terms of the injunctional decree. Upon the filing of the information defendant was summoned into court to show cause why he should not be punished. Whether ignorance of the decree would have been a good showing of excuse or defense we have no occasion to determine. No such excuse or defense was offered either by pleading or evidence. The decree was sufficiently broad in its terms to enjoin all persons from maintaining a nuisance on the premises described therein, and it was sufficient as a public record to impart constructive notice to all persons. *Silver v. Traverse*, 82 Iowa, 52. It is urged by the defendant that the cited case is inconsistent with the later case of *Ruhlman v. Humphrey*, 86 Iowa, 602. But the opinion in the latter case points out the clear distinction between the two cases. The same distinction was recognized in the later case of *Newcomer v. Tucker*, 89 Iowa, 487. In the two later cases the decree under consideration only purported to enjoin the

*Marginal note:* 1. INTOXICATING LIQUORS: injunction: scope of decree: constructive notice.

particular defendant in that case, and the petitioners were discharged because they were not included in the terms of the decree alleged to be violated. Such point is not available to the petitioner in this case.

II.   It is urged that the information was void and of no effect because the informant Orr was not a party to the original case, and because this proceeding was entitled in the name of the State of Iowa against the defendant, and because the informant Orr was not authorized to represent the State of Iowa in such proceedings. It is not essential that information for contempt should be filed by the original plaintiff. The original plaintiff acted only in the public behalf. The same public is represented by the informant. Nor is it essential that the county attorney should appear in the prosecution of a contempt case. *First Congregational Church v. Muscatine,* 2 Iowa, 69; *Fisher v. Cass County Court,* 75 Iowa, 232; *Brennan v. Roberts,* 125 Iowa, 615. The fact that the proceeding was prosecuted in the name of the State of Iowa furnishes to the defendant no ground of complaint.

*2. SAME: contempt: information: who may file same: prosecution.*

Just what title should be borne by a contempt proceeding is a question which has never been definitely settled in this state, nor has it ever been deemed as very material. *Manderscheid v. District Court,* 69 Iowa, 240; *Hatlestadt v. District Court,* 137 Iowa, 146, and cases cited, *supra.* The offense charged is an offense against the authority of the court. It may be heard under the title of the case to which it is incident, or it may be entitled in the name of the state against the defendant. The only purpose of attaching any title to the matter is that the proceedings therein may be identified and separated from other proceedings. Such contempt proceedings are instituted under section 2407 of the Code. This section requires that there be filed with the clerk of the court an "information under

*3. CONTEMPT: title of proceeding.*

oath setting out the alleged facts constituting such violation." The statute does not provide how such proceedings shall be entitled, nor does it provide by whom the information shall be made. The information in the case at bar is in accord with the statute in question.

III. It is urged by defendant that the previous decree the violation of which is charged against him is void in so far as it affects him for two reasons. The first of these is that the decree as entered of record purports to be signed by P. B. Wolfe, and does not purport to be signed by any judge of the seventh judicial district. It is conceded that P. B. Wolfe was one of the judges of the seventh judicial district at the time of the entry of such decree. But it is claimed that his signature is not accompanied with his official designation, and that this is fatal to the decree as such. We see no merit in this contention. The record of the decree was sufficient without any signature of the judge thereto. The provision of the statute in this regard is directory only. *Childs v. McChesney*, 20 Iowa, 431; *Donnelly v. Smith*, 128 Iowa, 260.

4. DECREE OF COURT: signature of judge.

The second reason urged against such previous decree is that its injunctional provisions were much broader than the petition upon which the decree was rendered, and that the court had no jurisdiction to grant more relief than was prayed. This point is not sustained by the record. The petition in question prays "that said building and the realty hereinbefore described be enjoined as a place for the sale or keeping for sale of intoxicating liquors in violation of law . . . . and that he may have such other relief as he may be found entitled to." This prayer is broad enough to sustain all the terms of the decree as entered.

5. INTOXICATING LIQUOR: injunction: decree: conformity with petition.

IV. It is urged that there was no proof that plaintiff sold intoxicating liquors upon the same premises as those described in the previous decree. It is shown by the pres-

ent record that the place of illegal sale by the plaintiff was lot six, block thirteen, in the city of Mus-

6. SAME:
injunction:
contempt:
identity of
premises.

catine. The previous decree covered the same description. The apparent discrepancy arises out of the fact that the previous decree described the building by name as Hotel Grand, while the present information describes it by name as Hotel Webster. Whether this apparent discrepancy arises out of a change of names or not the record is silent. The point is raised for the first time in this court. In the trial court plaintiff filed a motion for discharge upon ten specific grounds, none of which included any reference to the apparent discrepancy which is now urged upon our attention. Inasmuch as the description of the real estate is definite and controlling, and is the same in both proceedings, we think the identity of the premises is presumptively established thereby, notwithstanding the discrepancy in names.

V. It is urged that the warrant of commitment issued by the court was void because the same was issued before the shorthand notes of the evidence were filed and made

7. OF THE CER-
TIFICATION
AND FILING
OF EVIDENCE.

of record. This argument is accompanied with an alleged statement of facts which do not appear in the abstract. It is said in the argument that the plaintiff was imprisoned on June 5th, and that the notes were not filed until June 8th. It does not appear from the abstract when judgment was entered by the court. Out of abundance of caution we have referred to the original return to the writ filed in this case, and we learn therefrom that judgment was entered on June 5th, and that the shorthand notes of the evidence were made of record the same day. It is true that the certificate of the shorthand reporter states that the notes were filed on June 8th. The return and certificate of the judge is controlling here. If any mistake has been made in the record below, it should be corrected by proper proceedings there. It may be said, also, that this action of the court was in

no manner challenged in the original petition for the writ. It was first challenged by an amended petition filed after the case had been fully argued and ready for submission. We find no illegality in the action of the lower court, and its order is *affirmed*.