## FARLEY V. HOLLENFELTZ.

**Liquor Nuisance:** ABATEMENT OF ACTION: OTHER ACTION PENDING. The petition in this case charged defendant with keeping a liquor nuisance "at numbers 154 and 162 Sixth street," in the city of Dubuque. Defendant in his verified answer admitted all that plaintiff was required to prove to authorize an injunction restraining the nuisance; but he withdrew this answer, and filed an amended answer, denying generally, and setting up as a plea in abatement that another action, brought by the same plaintiff against him, was pending in the same court for the same purpose, wherein the place of the alleged nuisance was described as "number 168 Sixth street," in the city of Dubuque, and alleging that the places set out in the two petitions were identical. *Held* that the places could not, from their descriptions in the petitions, be regarded as identical, and, as the evidence introduced failed to establish such identity, and as defendant under oath, in his original answer, admitted all that plaintiff was required to prove, there should have been a decree granting an injunction as prayed, and for attorney's fees.

*Appeal from Dubuque District Court.*—HON. D. J. LENEHAN, Judge.

FILED, JANUARY 28, 1890.

ON the twenty-fifth day of August, 1886, the plaintiff, a citizen of Dubuque county, filed his petition charging that the defendant, at the city of Dubuque,

"in a brick building at numbers 154 and 162 Sixth street, has established a saloon and place for the keeping and sale of intoxicating liquors" in violation of law, and has, since the eighth day of April, 1886, in said saloon, sold to divers persons intoxicating liquors contrary to law, and praying for an injunction, and for costs. On April 18, 1887, the defendant filed his verified answer, containing the following paragraph: "For further answer, defendant says that heretofore, to-wit, on the eighth day of April, 1870, he leased from the owner thereof the premises described in plaintiff's petition for the sole purpose of selling beer and ale therein, and prepared the same for the carrying on of said business, and thereupon, at said time, to-wit, the eighth day of April, 1870, he commenced the prosecution of said business, and has ever since, at the place aforesaid, conducted the same; which said carrying on of said business as herein stated, to-wit, the sale of beer at retail at the place aforesaid, is the keeping of a saloon set up in plaintiff's petition, and not other or different." January 8, 1889, the defendant, by leave of court, withdrew said answer, and filed an amended answer, denying generally, and alleging "that there is now pending in this court, brought by the same plaintiff against this defendant, another action, making the same complaint, and stating the same facts, only the numbers of the place are different, but the place is in fact but one and the same place. And defendant further says that for the prosecution of this action plaintiff has neither paid, nor incurred any obligation to pay, any attorney's fee whatever, nor paid any costs whatever." On these issues the cause was submitted to the court, the plaintiff introducing in evidence the original answer, containing the paragraph above quoted. The defendant introduced the petition of this plaintiff against this defendant, filed in the district court of Dubuque county on the sixteenth day of April, 1885, alleging that the defendant "at the city and county of Dubuque, Iowa, at number 168 Sixth street, Dubuque, between Main and Locust streets, south side of Sixth

street, has established a saloon and place for the keeping and sale of intoxicating liquors, contrary to law;" that in the month of April, 1885, he sold liquor therein contrary to law; "and that since the fifteenth day of July, 1884, at the saloon and place aforesaid, defendant has sold and continues to sell intoxicating liquors; and praying for injunction. Defendant also introduced his answer, filed April 18, 1887, to this petition, containing a paragraph the same as that in the original answer in this case, quoted above, and his amended answer, being a general denial. John Pier called by defendant; and the record shows the following as his testimony: "That he understands that Mrs. Sullivan owns the building Hollenfeltz's place is in, and, in reply to the question, 'How many places or rooms does Mr. Hollenfeltz occupy on the corner of the alley there, between Main and Locust?' he answered: 'He has one place there, — one saloon. He has got a storage room. I don't know what he has got in it. There is one small room there, east of the saloon, and the other part on the corner; and where the bar is in, where the liquors are sold, is one part. It is kind of like a double parlor. It's all the same thing.' Cross-Examination: Defendant occupied three rooms. The bar is in the middle room; the next room is a kind of attachment to the bar-room,—chairs and tables in there. A part of a partition divides two rooms, but is all the same thing. I don't know what is in the east room,—never been in there,—but have been there when the door was open, and noticed bottles and barrels stored in there." It was admitted that the plaintiff has incurred no liability for attorney's fee in this case; and upon this testimony and admission the case was submitted. The court rendered judgment dismissing the cause, and against plaintiff for costs. Plaintiff appeals.

*S. P. Adams*, for appellant.

*Fouke & Lyon* and *McCeney & O'Donnell*, for appellee.

GIVEN, J.—The admissions made by the defendant in the original answer in this case establish every fact that it is incumbent upon the plaintiff to prove, and, in the absence of any further testimony, entitles him to a decree as prayed. In that answer the defendant admits that he leased the premises described in the plaintiff's petition in April, 1870, for the sole purpose of selling beer and ale therein, and prepared the same for carrying on that business, and that he has carried on that business in said premises ever since, to-wit, the sale of "beer at retail at the place aforesaid." The place aforesaid is described as "in a brick building at numbers 154 and 162 Sixth street, Dubuque, Iowa. The defendant pleads in abatement of this action the pendency of the former. To maintain this plea the burden is upon him to show that both actions relate to the same place. The place described in this is, "in a brick building at numbers 154 and 162 Sixth street, Dubuque, Iowa," while the place described in the other action is "number 168 Sixth street, Dubuque, Iowa, between Main and Locust streets, south side of Sixth street." There is nothing in these descriptions to show that they refer to the same place, further than that both are described as being on Sixth street, Dubuque, Iowa. The only other testimony is that of John Pier. He testifies about the defendant's place in Mrs. Sullivan's building, the place on the corner of the alley between Main and Locust. The only identification that he gives of the place of which he is speaking is that he understands that Mrs. Sullivan owns the building; and, in answer to the question, "How many places or rooms does Mr. Hollenfeltz occupy on the corner of the alley there, between Main and Locust?" goes on to state with respect to the rooms. His testimony, as set out, does not even show that the place of which he is speaking is on Sixth street, nor is it designated by number, or any other description. Every word of his testimony may be strictly true, and yet the defendant be keeping other places of business at the numbers given in the two

petitions. We do not understand why a matter about which the facts would seem to be so easily established should be left in such uncertainty. In the argument for appellee it is said : "We need not discuss the findings of fact, for it is well known and fully proven that the defendant occupies but one place, and uses all the rooms in that place in conducting the one business." We are not referred to any testimony as establishing this "well-known and fully-proven" fact.

Taking the testimony as it is before us, and we have the defendant admitting upon his oath, in the answer in this case, that he kept the place described in the petition as a saloon, to-wit, "in a brick building at numbers 154 and 162 Sixth street," and, in the answer filed in the former suit, that he kept a saloon at "number 168 Sixth street;" and, by Pier's testimony, that he kept a saloon in a building, which he understood Mrs. Sullivan owned, on the corner of the alley between Main and Locust. It was a possible thing for the defendant to be carrying on the saloon business at three different places; and, while such may not have been the fact, yet, certainly, it so appears, from this testimony. We think the defendant failed to sustain this plea in abatement by showing that the two actions relate to the same place; and, therefore, the judgment of the district court is reversed, and a decree granting an injunction as prayed, and for costs, including an attorney's fee of seventy-five dollars, will be entered in this court.

REVERSED.