M. C. CARTER v. MARY STEYER, *et al.,* Appellants.

| 93 | 533 |
|---|---|
| 102 | 108 |
| 93 | 533 |
| 104 | 215 |
| 93 | 533 |
| d110 | 213 |

**Res Adjudicata:** LIQUOR INJUNCTION. An injunction restraining a
1 defendant from maintaining a liquor nuisance on certain premises, and anywhere in the judicial district, is no bar to a proceeding to enjoin and abate a like nuisance on different premises in
2 the district, owned by a codefendant; no injunction being in force against the last premises and said codefendant.

EVIDENCE. Evidence that the place is generally reputed to be used for illegal liquor selling, that the owner had a room in it, was
3 frequently seen about it, and was in it during the trial, will raise a presumption that he knew the character of the business carried on there, though the original notice could not be served on him in Iowa.

*Appeal from Winneshiek District Court.*—HON. W. A. HOYT, Judge.

SATURDAY, JANUARY 26, 1895.

Action in equity to enjoin the maintenance of a nuisance caused by the keeping for sale, and selling, in a place specified, intoxicating liquors in violation of law, and to abate the nuisance. The defendants appeared and answered. A demurrer to the answer of the defendant George Higgins was sustained. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendants Mary Steyer and George Higgins appeal.—*Affirmed.*

*E. R. Acers* for appellants.

*John B. Kaye* for appellee.

Robinson, J.—The defendant Mary Steyer is the owner of the premises in controversy. The petition was filed December 30, 1892, and alleges that the premises are used and maintained as a place for keeping intoxicating liquors with intent to sell them in violation of law, and as a place for selling such liquors as a beverage in violation of law, with the knowledge of Mary Steyer; and that the defendants Arthur Lamont and George Higgins occupy the premises for the illegal purposes alleged. The defendant Lamont denied all the allegations of the petition so far as they charged him with any illegal acts, and averred that he had no business relations with his codefendants, and nothing whatever to do with the premises in question. On the final hearing, the action was dismissed as to him, and he is not concerned in this appeal. Mary Steyer denies all the allegations of the petition. Higgins does the same, and, in addition, pleads that he is already under injunction restraining him from illegally selling, and from illegally keeping for sale, intoxicating liquors in the city of Decorah and elsewhere in the thirteenth judicial district; that the injunction was perpetual, and was decreed by the District Court of Iowa in and for Winneshiek county, on the eighteenth day of February, 1891.

I. The answer of Higgins sets out a copy of the decree upon which he relies as a defense. That shows that the action was commenced by J. L. Cameron against Eric Tostenson and "English George;" that the real name of English George was not known, but that it was supposed to be George Higgins; that Tostenson was alleged to be the owner of lot eight and a part of

lot nine in block fourteen in Decorah, and of the buildings thereon; and that both defendants were accused of and adjudged to be maintaining a nuisance on the premises described, by keeping therein for illegal sale, and by illegally selling therein, intoxicating liquors. The decree, in terms, perpetually enjoined both defendants from keeping, selling, giving away, or storing in the premises described, or elsewhere in the judicial district, any intoxicating liquors in violation of law. The premises in controversy in this action were a part of lot one in block three in Decorah. The demurrer sustained by the court was to that part of the answer of Higgins which pleads that he is already enjoined from committing the acts which are charged against him. Section 4 of chapter 73 of Acts of the Twenty-second General Assembly provides that injunctions granted to restrain the illegal sale and the illegal keeping for sale of intoxicating liquors "shall be binding on the party or parties enjoined throughout the judicial district in which the action is brought. And any person enjoined in such action who shall, while such injunction remains in force, again engage in, or be in any manner concerned in the selling or keeping for sale, contrary to law, of any intoxicating liquor, anywhere within the jurisdiction of the court, shall be deemed guilty of contempt of court, and punished accordingly." The appellant Higgins contends that the decree in the first case gave all the relief against him which can be obtained in this action, and, therefore, that this action cannot be maintained as to him. It is true, as a general rule, that, when an injunction has been granted and continues in force, another injunction for precisely the same purpose will not be granted. That rule was applied in *Dickinson v. Eichorn*, 78 Iowa, 710, 13 N. W. Rep. 620. In that case it appeared that a second injunction was sought to

restrain the maintenance of the identical nuisance which had been enjoined in another action, in which an injunction had been granted, which was still in force. But the facts in this case are in most respects unlike those involved in that. It is true it is asked in this case that Higgins be enjoined from maintaining a nuisance by selling, and keeping for sale, in violation of law, intoxicating liquors, and that he was enjoined from so doing by injunction still in force, granted in the same judicial district; but that is only a part of the relief demanded. The premises are not owned by Higgins, and it does not appear that an injunction has ever been granted against the owner of them. An injunction against her is sought in this action, and the abatement of the nuisance is also demanded. The injunction granted against Higgins in the former action would be inoperative as against the premises in question, and their owner would not be affected by it. The decree in that action would not authorize the abatement of a nuisance shown in this. Higgins has an interest in the premises in question, and the character of the business he is carrying on there, and his right to maintain it, have never been judicially determined. It is clear that the rights and liabilities of the defendants involved in this action have never been adjudicated, and the decree upon which Higgins relies cannot be regarded as a bar to this action against him. In our opinion, the demurrer was properly sustained.

II. The remaining question we are required to determine is whether the evidence sustains the decree of the District Court. We think the question must be answered in the affirmative. That the evidence is sufficient to sustain the decree against Higgins is clear; and

that does not appear to be questioned. It is not so conclusive against Mary Steyer. It appears that an affidavit stating that the original notice could not be served on her within this state was filed, and the notice was served by publication. But that fact does not show that she was a nonresident of this state. Service by publication is authorized where the defendant, being a resident of the state, has departed therefrom, or from the county of his residence, to avoid the service of notice, or keeps himself concealed therein with like intent. Code, section 2618, subd. 7. There is no proof or claim in the record that Mary Steyer was a nonresident of the state, nor that she was absent from the city of Decorah while the business in question was being carried on. It is shown that she was seen in and about the building frequently, and she appears to occupy a room in it. She was in it at the time of the trial, and, although she appeared to the action, she did not testify. The general reputation of the place was shown to be that intoxicating liquors were sold and drank there. This evidence was sufficient, in the absence of contradiction, to show knowledge by her of the character of the business carried on by Higgins, and no effort to stop it is shown. If she did not have such knowledge, it was incumbent on her, after the evidence referred to had been given, to show the fact; and her failure, unexplained, to testify, justifies a presumption against her. The decree of the District Court appears to be authorized by law, and to be sustained by the evidence, and it is *affirmed*.