MICHAEL STEYER, Appellant, v. PATRICK McCAULEY, JR., BERTHA ROSENTHAL, EMIL ROSENTHAL, and the Buildings, Etc.

102  105
110  213

102  105
125  617

**Liquor Injunction:** SECOND INJUNCTION: *Abatement.* An injunction enjoining a liquor nuisance and proceedings pending thereunder for contempt, though no writ of abatement issues, though the attorneys in the main suit and the contempt proceedings are not the same, and though there is unexplained delay in bringing the contempt case to hearing, are a bar to an action against the defendant by another citizen to obtain a second injunction for a similar offense on the same premises; no fraud or collusion being charged in the obtaining of the first injunction.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

WEDNESDAY, MAY 12, 1897.

THIS is an action in equity begun August 10, 1896, to restrain the defendants from maintaining an alleged liquor nuisance on a certain lot in the town of

West Decorah, Iowa. The prayer asks that the nuisance be abated; that defendant Emil Rosenthal be enjoined from using or permitting said premises to be used for the keeping of intoxicating liquors with intent to be sold in violation of law; also, that each defendant be enjoined from selling or keeping for sale intoxicating liquors on said premises or elsewhere in said judicial district. An order was made for a hearing upon the application for a temporary injunction. Evidence was taken in support of the application, and in resistance thereof. Upon said hearing it appeared that the mulct law was operative in the town of West Decorah; that defendant Emil Rosenthal claimed to have complied with said law in all respects; that at a prior term of court said Emil Rosenthal had been enjoined from keeping, using and occupying the same premises, by himself or agents, for the sale of intoxicating liquors; that said injunction was granted upon the petition of one Cameron, that in January, 1895, said Cameron commenced proceedings against defendant Emil Rosenthal for contempt for a violation of said injunction; and that said contempt proceeding is still pending. The court refused the application for a temporary injunction, and, the cause thereafter coming on for a hearing upon the merits, the defendants denied all of the allegations of the petition, and pleaded the former action, and the injunction and proceedings thereunder, as still pending. Evidence was introduced, and it was agreed that, in the action in which the injunction was granted, J. B. Kaye was the attorney for the plaintiff, Cameron; that no writ of abatement issued in that suit. Plaintiff amended his petition, admitting the issuance of the injunction, and says that the plaintiff in that action and in this is not the same; that the attorneys are different, and that no writ of abatement issued in the former suit; that McCauley and Bertha Rosenthal were not parties to

the former suit. A .decree was entered dismissing plaintiff's petition, and rendering a judgment against him for costs. Plaintiff appeals.—*Affirmed.*

*E. R. Acres* for appellant.

*Geo. W. Adams* for appellees.

KINNE, C. J.—This case presents the question whether, after an injunction has been issued restraining one from continuing a liquor nuisance, and after proceedings thereunder have been commenced against him for contempt for violating said injunction, which proceedings are still pending and undisposed of, another citizen of the county may maintain another suit against the same and other persons as defendants for a like offense committed in and upon the same premises, and obtain another injunction. It was held in *Dickinson v. Eichorn,* 78 Iowa, 710 (43 N. W. Rep. 620), that a decree for an injunction and the abatement of such a nuisance obtained by one citizen of a county, although not enforced, was a bar to a second suit for the same purpose by another citizen for the abatement of the same nuisance, in the absence of a showing that the former decree was obtained by collusion, with the intent to use it to defeat the purposes of the law. So far at least as the defendant Emil Rosenthal is concerned, that case seems to us decisive of this appeal.

It appears that in November, 1891, at the suit of one Cameron, Emil Rosenthal was perpetually enjoined from maintaining the same kind of a nuisance at the same place; that in January, 1895, said Cameron instituted proceedings against Emil Rosenthal for a violation of said injunction, which proceedings are still pending and undetermined. There is nothing in this record to show why this contempt case has not been

heard.   There is no suggestion in the record of any
bad faith or collusion in obtaining the original injunc-
tion.   For some reason, which does not clearly appear,
no order of abatement was entered in that suit.   The
facts in this case, so far as the defendant Emil Rosen-
thal is concerned, are identical with those in the cited
case, except in that case the same person was attorney
for the plaintiff in both actions, and the decree in
that case ordered an abatement of the nuisance.   In
that case no proceedings had been instituted against
the defendants for contempt.  We do not regard the fact
that the attorney appearing in this case is not the same
person who appeared in the original case as of con-
trolling importance, especially in the absence of any-
thing showing any reason why the contempt proceed-
ings has not been heard, and there being no charge
or evidence of bad faith on the part of the party or
attorney instituting the original and contempt pro-
ceedings.   Only about six months had intervened
between the time the proceedings for contempt were
begun and the bringing of this action, and we can not
say, in the absence of other evidence, that there was
not good cause for this delay, or that said proceedings
were not being prosecuted in good faith.   The case of
*Carter v. Steyer*, 93 Iowa, 533 (61 N. W. Rep. 956),
wherein the right to a second injunction is upheld, is,
in its controlling facts, essentially different from the
case at bar.

As to the defendant Bertha Rosenthal, there is no
evidence showing that she was in any way concerned
in running or operating the saloon, and no reason
appears why she should have been made a party
defendant.   As to McCauley, he appears to have been
a bartender for the defendant Emil Rosenthal, and
as such was his agent, and is clearly embraced within
the decree rendered in the original case in which an
injunction was rendered.   *Silvers v. Traverse*, 82 Iowa,

55 (47 N. W. Rep. 888); *Buhlman v. Humphrey,* 86 Iowa, 597 (53 N. W. Rep. 318).

We think the reasoning of the *Dickinson Case* is conclusive as to the questions here presented, and we need not further consider them. The decree of the district court is AFFIRMED.