M. C. CARTER v. FRANK BARTEL, THE C. & J. MICHEL BREWING COMPANY and F. B. PORTMAN, Appellant.

110   211
125   617
110   211
127   346
110   211
129   626
d130  493

**Liquor Injunction Against Firm:** EFFECT OF DISSOLUTION OF PART-NERSHIP. A permanent injunction, restraining a firm from the illegal sale of intoxicating liquors, continues to be effective against the persons composing it after a change in the partnership name.

DECREE AGAINST PREMISES AND OWNER. In a suit to enjoin the illegal sale of intoxicating liquors at a cold-storage building, as a nuisance, it was proper, under Code, section 2384, declaring the premises where such illegal sales is carried on a nuisance, to enter a decree against the premises and the owner thereof.

RECOVERY OF ATTORNEY FEES: *Statutes.* In a suit to enjoin a nuisance, begun before the Code was adopted, but not tried until after its adoption, section 2429 thereof, authorizing an attorney's fee of $25.00 in suits to enjoin nuisances, governed the amount to be allowed, and not the prior act (Acts Twenty-first General Assem-

bly, chapter 66, section 1), authorizing a fee of not less than $25.00 in such suits, notwithstanding Code, section 51, declares that the repeal of a statute shall not affect any suit or proceeding had or commenced before it takes effect, since the assessment of an attorney's fee relates only to the remedy, and does not affect the suit.

Liquor Selling: PLACE OF SELLING. Where orders for beer are taken at saloons, and the beer is delivered to the saloons, in pursuance of the orders, and is there paid for, the sales are made at the saloons, and not at the place from which the beer is taken.

*Appeal from Winneshiek District Court.*—HON. A. N. HOB-SON, Judge.

WEDNESDAY, JANUARY 17, 1900.

THE defendants appeal from a decree enjoining them from maintaining a liquor nuisance.—*Modified.*

*John B. Kaye* and *Dan Shea* for appellants.

*E. R. Acres* and *E. W. Cutting* for appellee.

LADD, J.—That the C. & J. Michel Brewing Company was keeping intoxicating liquors for unlawful sale, through Bartel, in their cold-storage building, situated on lots belonging to Portman, is fully established by the evidence. Possibly wholesale liquor venders may suffer inconvenience in being prohibited from making sales of their commodities elsewhere than in a particular building, under fixed conditions. But such is the express provision of the statute. In taking orders at the various saloons of the city, delivering the beer in pursuance thereof, and there receiving payment, sales were made at these places, and not at the cold-storage building. *Bartel v. Hobson,* 107 Iowa, 644; *Cameron v. Fellows,* 109 Iowa, 534.

II. It appears from the evidence that in an action by James L. Cameron against C. & J. Michel, a co-partnership consisting of C. Michel and J. Michel, and Frank Bartel, a decree of permanent injunction was entered, November 27, 1894, restraining them from the illegal sale of intoxicat-

ing liquors on the premises in controversy or within the Thirteenth judicial district.   Included in the decree was the usual order of abatement.   Bartel was misnamed "Barth" in the decree, but admits himself to be the person intended. Indeed, notwithstanding the misnomer, he has been punished for contempt thereunder.   See *Bartel v. Hobson, supra.*   The evidence also shows the C. & J. Michel Brewing Company to be a co-partnership, and the firm indentical with and composed of the same persons as C. & J. Michel.   As to these parties, then, the decree of 1894 was as effective as the one prayed for could be.   *Dickinson v. Eichorn,* 78 Iowa, 710 (6 L. R. A. 721); *Sleyer v. McCauley,* 102 Iowa, 105.   *Carter v. Steyer,* 93 Iowa, 533, differs from this case in that there the premises involved were not the same as in the former action.   The question raised in the authorities relied on by the appellee was whether the persons accused, though not particularly named, were included in the language of the decrees.   Here the defendants mentioned have not only pleaded, but proven, that they were parties thereto and designated as such.   The plea that these defendants had already been enjoined, precisely as prayed, should have been sustained.

III.   Portman, the owner of the lots, was not a party to the former action, and as, by section 2384 of the Code, the ground, in such a case, is declared a nuisance, the decree was rightly entered against him and the land.   Code, section 2405; *Gray v. Slienes,* 69 Iowa, 124.

IV.   A fee of one hundred and twenty-five dollars was taxed in favor of the plaintiff's attorney.   Section 2406, relating to trial in the district court, provides that, in suits to enjoin nuisances, "if the plaintiff is successful in the action, an attorney's fee of twenty-five dollars shall be taxed in his favor."   The law as it formerly stood required the taxation of a reasonable fee of not less than twenty-five dollars. Acts Twenty-first General Assem-

bly, chapter 66, section 1. In making this change, and pre-
scribing a definite amount, the intent of fixing an arbitrary
sum to be allowed is apparent. This statute must be con-
strued with section 2429 of the Code, which reads: "In all
actions in equity against persons charged with keeping a
nuisance, and to abate the same, and all proceedings for a
contempt for violating any injunction, temporary or perma-
nent, issued or decreed therein, the court or judge before
whom the same shall be heard and determined shall allow the
attorney prosecuting such cause a reasonable sum for his
services, and, in case a fine shall be assessed, he shall be
allowed ten per cent. of the fine collected." Effect may
be given to both only by saying that the first names a mini-
mum fee, or by treating it as fixing a sum which shall be
regarded as reasonable under the last. As seen, the first
specifically mentions the precise amount which shall be
taxed, and, because of the change already mentioned and the
peremptory language employed, we are of opinion the fee
was intended to be limited. The words of each have proper
application if section 2429 be held to refer to all such actions,
and what shall be deemed reasonable compensation in a par-
ticular trial to be defined by section 2406. Such a con-
struction gives effect to both statutes, which is essential
when possible. See *Rhode v. Bank,* 52 Iowa, 375.

V. This action was begun before the Code was adopted,
though tried and a decree entered thereafter, and it is said
that, as section 51 of the Code provides that the repeal of a
statute "shall not affect   *   *   *   any suit or proceeding
had or commenced in any civil cause" before it takes effect,
the assessment of an attorney's fee is regulated by the act
of the Twenty-first General Assembly. Such assessment
relates solely to the remedy, however, and does not affect the
suit or proceeding. Nor does it have any bearing on the relief
sought or to be granted.

VI. The fee allowed in the district court will be
reduced to twenty-five dollars, and the plaintiff's attorney

allowed the sum of twenty-five dollars for his services as against Portman in this court. The decree, as against Bartel and the C. & J. Michel Brewing Company, will be reversed, and affirmed as to Portman. The latter and plaintiff will each pay one-half of the costs in this and the district court.— MODIFIED.

GRANGER, C. J., not sitting.