F. W. FISHER, Appellant, v. THEO. SLIPH, KATE SLIPH AND CERTAIN PROPERTY, Appellees.

**Intoxicating liquors:** NUISANCE: JUDGMENT: CONCLUSIVENESS. A judgment enjoining a party from maintaining a liquor nuisance on certain premises, but in no manner enjoining the maintenance of the building as a nuisance or ordering an abatement thereof, is not binding on a subsequent grantee of the premises or a bar

to a subsequent suit against the grantee to enjoin the place as a nuisance, although an effectual bar to another suit against the party conducting the nuisance.

**Same:** INJUNCTION: SUFFICIENCY OF PRAYER FOR RELIEF. The prayer
2  in a suit against the owner of premises that the liquor nuisance therein described be abated and perpetually enjoined; that the building be enjoined as a place for the illegal sale of liquor; that the owner be enjoined from using or maintaining it as such a place, either in person, by agent, servant or lessee, is broad enough to authorize an injunction against all persons from the unlawful keeping or traffic in intoxicating liquors therein.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, FEBRUARY 14, 1912.

ON July 21, 1910, plaintiff filed a petition alleging that the defendant Kate Sliph owned lot 125 in the city of Ft. Madison, and that Theodore Sliph occupied the building thereon and kept intoxicating liquors therein with intent to sell the same as a beverage on said premises, contrary to law, and prayed "that said nuisance be abated and perpetually enjoined, and that said premises described in paragraph 3 hereof and the building thereon be enjoined as a place for the selling of intoxicating liquors and keeping with intent to unlawfully sell the same therein, and that said defendant, Kate Sliph, be enjoined from keeping, using, or maintaining said premises or building, or any part thereof, either directly or indirectly, by herself, agent, servant, or lessee, as a place for the unlawful sale of intoxicating liquors or for keeping the same with intent to sell the same in violation of law, and that she be enjoined from selling or keeping for sale intoxicating liquors, and from permitting intoxicating liquors to be sold or kept for sale contrary to law, in or on said premises, or any part thereof, and that said Theo. Sliph be enjoined and restrained from unlawfully selling or keeping for sale intoxicating

liquor on said premises, in said building, or any part
thereof, or elsewhere in this judicial district, by himself,
agent, servant, employee, or lessee, and that a writ of in-
junction issue herein as provided by law." After denying
the allegations of the petition and pleading compliance
with the provisions of the mulct law, defendants pleaded
that a decree be entered in the same court January 30,
1908, in a cause wherein Ann Foster was plaintiff and
Theo. Sliph was defendant, in words following: "The
court, being fully advised in the premises and having heard
the evidence and arguments of counsel, finds that the equi-
ties of the case are with the plaintiff; it is therefore ad-
judged and decreed that the defendant be and they hereby
are enjoined from maintaining said nuisance in the prem-
ises described in the petition of plaintiff, or any place in
the First judicial district of Iowa, by selling and keeping
for sale intoxicating liquors in violation of the laws of the
state of Iowa." Hearing was had on the plea in abatement,
so called, at which it appeared that the petition in the
case of Ann Foster v. Theo. Sliph alleged that the latter
was owner of the "south part of lot 125," that he was keep-
ing intoxicating liquors in the building thereon with in-
tent to sell the same in violation of law, "with the knowl-
edge of the owner," and prayed "that the said defendants
be enjoined from further maintenance of said nuisance
in the manner and the extent authorized and required by
the laws of Iowa, and that the costs of this proceeding, in-
cluding the statutory attorney fee of $25, be taxed against
said defendants and declared a lien on said premises, and
that execution issue therefor, and for other and further
relief to which plaintiff is entitled." The answer admit-
ted that, prior to January preceding, Sliph had not com-
plied with the provisions of the law as to time of closing,
but averred full compliance with mulct law thereafter.
Theodore Sliph then owned the premises, but prior to the
beginning of this suit he had transferred the same to Kate

Sliph. On this showing the petition was dismissed and the costs taxed to plaintiff, who appeals.—*Affirmed in part and reversed in part.*

*M. S. Odle,* for appellant.

*Herminghausen & Herminghausen,* for appellee.

LADD, J.—To the petition alleging that the defendant Kate Sliph was owner of lot 125 in the city of Ft. Madison, and that the building thereon was maintained as a place wherein intoxicating liquors were kept for sale in violation of law, and that Theo. Sliph was in occupancy thereof and so keeping the same therein, that the same was a nuisance, and praying for statutory relief, the defendants interposed as a plea in bar a decree previously entered against Theo. Sliph only in an action wherein Ann Foster was plaintiff, ordering "that the defendant be and they hereby are enjoined from maintaining said nuisance in the premises described in the petition or any place in the First judicial district of Iowa by selling or keeping for sale intoxicating liquors in violation of the laws of the state of Iowa."

He was then owner of the premises, but Kate Sliph was owner thereof when the last action was begun. This decree entered in 1908 was adjudged a bar to the action begun in 1910, but it was not binding on Kate Sliph as purchaser, for it purported to enjoin Theo. Sliph only. *Buhlman v. Humphrey,* 86 Iowa, 597. It did not purport to enjoin the maintenance of the building as a nuisance, nor did it contain an order of abatement, and, in order to obtain such relief, the owner of the premises was a necessary party. *Denmead v. Parker,* 145 Iowa, 581. As to Kate Sliph, then, no decree had been entered, and, as to her, the plea in bar should have been overruled. *Carter v. Bar-*

1. INTOXICATING LIQUORS: nuisance: judgment: conclusiveness.

*tel,* 110 Iowa, 211.    See *Carter v. Steyer,* 93 Iowa, 433. As Theo. Sliph had ceased to be owner of the land, the decree entered in 1908 was as complete and effective as that prayed in the last action.    *Dickinson v. Eichorn,* 78 Iowa, 710.

The prayer is broad enough to authorize an injunction against "all persons from using or occupying the premises for unlawfully keeping or traffic in intoxicating liquors."    *Silvers v. Traverse,* 82 Iowa, 52. It follows that the decree dismissing action against Theo. Sliph is affirmed, but otherwise is reversed, with costs taxed to appellee, Kate Sliph.    As the issue raised by the plea in bar, erroneously designated in the pleadings as in abatement, only was heard, the cause against Kate Sliph and the premises is remanded to the district court for proceedings not inconsistent with what is here said.

*2. SAME: injunction: sufficiency of prayer for relief.*

*Affirmed* as to Theo. Sliph.    *Reversed* as to Kate Sliph.