STATE OF IOWA ex rel. VERNON R. SEEBURGER, Appellee, v. ROSS TALARICO et al., Appellant.

INTOXICATING LIQUORS: Injunction—Bar. A duly rendered decree
1  of injunction against a party for the unlawful trafficking in intoxicating liquors is a bar to another action for the same relief against the same party when premises are the same in both cases. (See Book of Anno., Vol. 1, Sec. 2017, Anno. 52 *et seq.*)

**INTOXICATING LIQUORS:**   Mulct Tax—Unauthorized Taxation.   A
2   mulct tax may be assessed only under the conditions expressly speci-
fied by statute.

Headnote 1: 33 C. J. p. 696.   Headnote 2:   33 C. J. p. 699 (Anno.).

Headnote 1: 15 R. C. L. 412.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

NOVEMBER 23, 1926.

Action to enjoin a liquor nuisance.   From a decree as
prayed the defendant appeals.—*Reversed.*

*Hyman E. Miller,* for appellant.

*Vernon R. Seeburger,* County Attorney, *Russell Jordan* and
*C. I. McNutt,* Assistant County Attorneys, for appellee.

VERMILION, J.—The action is by the State upon the relation
of the county attorney of Polk County, to enjoin the mainte-
nance of an alleged liquor nuisance by the defendant upon cer-
tain described premises owned by the defendant

1: INTOXICATING
LIQUORS: in-
junction: bar.

in the city of Des Moines.   The petition was
filed August 22, 1925.   Under a plea in bar
entered by the defendant, the sufficiency of which is not chal-
lenged, it was shown that, on September 13, 1923, in an action
by the State on the relation of the county attorney of Polk
County against the defendant herein, a decree was entered, find-
ing that the defendant had been engaged in the unlawful traffic
in intoxicating liquors in a building on the same premises de-
scribed in the petition herein, that the defendant was the owner
of the premises, and that the building and premises constituted
a nuisance which was being maintained by the defendant; and
the defendant was permanently enjoined from the sale of intoxi-
cating liquor, and from maintaining a nuisance on such prem-
ises; and the abatement of the nuisance was ordered.   It also
appeared that, on September 24, 1925, the defendant herein was
adjudged guilty of contempt in having violated the first in-
junction.

The court below denied the plea in bar, overruled the de-

fendant's motion to dismiss the action, and, upon the evidence introduced by the plaintiff, granted the relief prayed, which included the imposition of a mulct tax of $600 upon the premises in question and against the defendant, as owner. The only question presented arises upon the ruling on the plea in bar.

In *Dickinson v. Eichorn,* 78 Iowa 710, it was held by a divided court that a decree for an injunction and the abatement of a liquor nuisance obtained by one citizen of the county, although not enforced, was a bar to a second suit by another citizen of the county for the abatement of the same nuisance, where there was no showing that the first decree was obtained by collusion of the parties, with the intent to use it to defeat the purpose of the law. In *Carter v. Bartel,* 110 Iowa 211, *Brennan v. Roberts,* 125 Iowa 615, and *Fisher v. Sliph,* 154 Iowa 121, we reaffirmed and followed the holding in *Dickinson v. Eichorn,* supra. We are cited to no cases holding to the contrary.

In *Carter v. Steyer,* 93 Iowa 533, cited by appellee, we held that an injunction restraining a defendant from maintaining a liquor nuisance on certain premises was not a bar to a proceeding against him to enjoin and abate a like nuisance on different premises.

In the present instance, both injunction proceedings were prosecuted by the same party, and it appears that the first injunction had been enforced by a judgment of contempt for its violation. Indeed, it appears to be conceded that the same facts which were the basis of the judgment for contempt are relied upon to sustain the present action.

Counsel for appellee would avoid the force of the doctrine of *Dickinson v. Eichorn,* supra, by the contention that, since the enactment of Section 2051, Code of 1924, it is no longer applicable. That section is as follows:

"When a permanent injunction shall issue against any person for maintaining a nuisance as herein defined or against any owner or agent of the building kept or used for the purposes prohibited by this title, a tax shall be imposed upon said building and upon the ground upon which the same is located, and against the persons maintaining said nuisance and against the owner or agent of said premises, when they knew, or ought in reason to have known, of said nuisance."

Section 2052 fixes the amount of the tax at $600.

This constitutes the only present provision of the statutes for the imposition of a mulct tax against property used for the unlawful traffic in intoxicating liquor. The argument is that the statutes (Sections 2432 to 2447, inclusive, Code of 1897) formerly provided for the imposition of such a tax against any property where intoxicating liquors were sold or kept for sale, and that, since the repeal of those provisions and the enactment of Section 2051, supra, providing for the imposition of the tax only when a permanent injunction shall issue, successive injunctions may be decreed against the same person and property on account of successive violations of the laws for the suppression of the traffic in intoxicating liquor, in order that the mulct tax may be imposed for each violation.

<div style="margin-left:2em">2. INTOXICATING LIQUORS: mulct tax: unauthorized taxation.</div>

It is a sufficient answer to this contention to say that the statutes do not so provide. Section 2051 does not determine when an injunction shall issue. It simply provides for the additional penalty of a mulct tax *when* an injunction shall issue. It does not provide, in terms or by implication, that successive injunctions may be issued against the same party, to restrain the same nuisance; nor does it have the effect to change established rules of law with respect to when one action is a bar to another. If a mulct tax should be imposed otherwise than as now provided by Section 2051, that is a subject for legislative, not judicial, consideration. The function of the court is to construe the law as it is written.

Under the rule of the cited cases, the plea in bar should have been sustained, and the judgment is—*Reversed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.