STATE OF IOWA ex rel. W. E. S. HUTCHEON, County Attorney, Appellee, v. CLARENCE H. MARKER, Appellant.

No. 37848.

APRIL 2, 1929.

REHEARING DENIED SEPTEMBER 21, 1929.

*J. F. Gallup,* for appellant.

*W. E. S. Hutcheon* and *Orville W. Harris,* for appellee.

STEVENS, J.—Appellant owns and operates a greenhouse on the Lincoln Highway about three quarters of a mile west of Jefferson. The heating plant is in a separate building. On May 9, 1925, a search of his premises resulted in the seizure of seven gallons of intoxicating liquor, which were found in the building containing the heating plant. Appellant admits that he manufactured the liquor seized, out of dandelion blossoms, but alleges that he intended to use the same as a tonic, and not for an unlawful purpose. Upon the trial, appellant testified that the liquor was manufactured in pursuance of an ancestral custom of long standing, and that aloes was put in the liquid in such quantity as to render it wholly unfit for use as a beverage. An analysis of the contents of each of the seven gallons, made after the testimony was taken, disclosed about 13 per cent of alcohol and no aloes. The case was reopened and testimony introduced showing the analysis as stated. Thereupon, appellant took the stand, and testified that he procured the aloes at a drug store in Des Moines, and that he supposed it was placed in the liquid. A quantity of aloes, which it was claimed was found upon the premises by appellant's attorney, was introduced in evidence. The court found that a nuisance existed on the premises, and a decree permanently enjoining the further maintenance thereof, ordering the destruction of the liquor, and imposing a mulct tax against the premises in the sum of $600, was entered.

I. The analysis of the contents of the several vessels seized, was made at the instance and request of the presiding judge, without the knowledge of anyone. Complaint is made of this  action by the trial court. The court obviously desired, before entering the decree, to be firmly convinced that the liquor was manufactured for an unlawful purpose. The analysis, as stated, disclosed the utter absence of aloes, which, when mixed with the liquid, gives it a bitter taste, and acts on the consumer as a cathartic. The complaint of the action of the trial court is wholly without merit.

II. The liquor was seized upon a search warrant issued by a justice of the peace, but no trial was had before him. It is con-

tended by appellant that the district court did not have jurisdiction to decree the destruction of the liquor. This question was settled in this jurisdiction in *State v. Knapp,* 178 Iowa 25, against the contention of appellant.

III. It is next contended by appellant that the court did not have jurisdiction or authority to impose a fine against the defendant, and that this could only be done upon a trial to a jury. No constitutional question was properly raised in the court below.

IV. It is claimed by appellant that he has manufactured no liquor since the seizure, and will not do so hereafter. The trial court was of the opinion that the showing of a voluntary

abatement of the nuisance was not sufficient. The granting of a permanent injunction, under these circumstances, was within the discretion of the court, and will not be disturbed on appeal.

*State v. Knapp,* 178 Iowa 25; *State v. Seipes,* 202 Iowa 1199; *State ex rel. Seeburger v. Campbell,* 204 Iowa 147.

V. A motion was made by appellant to strike from the decree the provision imposing a mulct tax. This motion was overruled, and of this ruling appellant complains. Section 2051 of the Code of 1927 is as follows:

"When a permanent injunction shall issue against any person for maintaining a nuisance as herein defined or against any owner or agent of the building kept or used for the purposes prohibited by this title, a tax shall be imposed upon said building and upon the ground upon which the same is located, and against the persons maintaining said nuisance and against the owner or agent of said premises, when they knew, or ought in reason to have known, of said nuisance."

This statute not only confers authority upon the court to impose a mulct tax, but makes it the duty of the court when a permanent injunction is granted, to impose the same. *State ex*

*rel. Seeburger v. Dietz,* 202 Iowa 1202; *State ex rel. Seeburger v. Pickett,* 202 Iowa 1321; *State ex rel. Seeburger v. DeLeon,* 204 Iowa 843.

The remaining questions discussed by counsel for appellant are without merit. We have examined the

record, and are convinced that the judgment and decree is fully sustained thereby.—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.