STATE OF IOWA ex rel. VERNON R. SEEBURGER, Appellee, v. JOHNNIE CRITELLI, Appellant.

No. 46974.

FEBRUARY 11, 1947.

Carl S. Missildine and Charles W. Bowers, both of Des Moines, for appellant.

Vernon R. Seeburger, County Attorney, and Edwin S. Thayer, Assistant County Attorney, for appellee.

WENNERSTRUM, C. J.—The plaintiff in this action sought a liquor injunction against the defendant, Johnnie Critelli, the abatement of a nuisance in certain property by reason of the claimed liquor violation therein, and also the imposition of the statutory mulct tax. The defendant in his answer denied the allegations of the petition and specifically alleged as a defense that in a separate injunction action involving a different piece of property an injunction had been obtained against him and his wife enjoining them from violating the intoxicating liquor laws in the place described in the other action and at other places in the state of Iowa. It was further alleged and claimed that the injunction obtained in the separate action, to which reference has been made, was in full force and effect and was a bar to another injunction which involved the defendant and other property. Upon trial the court held that the use of the property described in plaintiff's petition by the defendant constituted a liquor nuisance, and in its decree provided that:

"* * * all persons whomsoever, including lessees, tenants, assignees, grantees, and successors in interest of the defendant * * * are * * * enjoined and restrained from the use of said premises * * * or the maintenance of any nuisance * * * pertaining to the regulation and control of the traffic in intoxicating liquors."

The decree further provided that the sheriff of Polk County, Iowa, abate said nuisance and remove from said building all furniture and fixtures used in any way in operating and conducting a nuisance, and close said building or buildings for a period of one year. The court did not assess the mulct tax. The plaintiff and defendant have both appealed.

On July 18, 1945, the appellee commenced two actions in equity, wherein there was sought in each action a liquor injunction against Johnnie Critelli. The action now before us for re-

view was No. 2579 in the district court and in the petition in this case it was alleged that the appellant was maintaining a liquor nuisance at 2202 Harding Road in Des Moines. The prayer in the petition asked that the appellant be enjoined from maintaining a liquor nuisance in the premises described in the petition, that the nuisance be abated as provided by law, and that a statutory mulct tax of $600 be assessed against the appellant and the property involved in the instant case.

The pleadings and evidence in the case now before us for review show that in Case No. 2580, the other action, a liquor injunction was sought against Johnnie Critelli and his wife, Carmela Critelli, and the owners of the property located at 1200 West Locust Street in Des Moines. In this last-referred-to action a decree was entered wherein Critelli and his wife were perpetually enjoined from maintaining a liquor nuisance at or in the property described "or at any other place in the State of Iowa in violation of law * * *." In this last-referred-to decree it was provided that a mulct tax of $600 be imposed against Johnnie Critelli and Carmela Critelli. The decree also provided for the dismissal of the action against the owners of the property located at 1200 West Locust Street. The decree of injunction in the case numbered 2580 was entered February 14, 1946. The decree in the case now before us for review was entered March 15, 1946.

The evidence in the instant case shows that the appellant, Johnnie Critelli, was the owner of the property located at 2202 Harding Road in Des Moines on July 18, 1945, when the present action was commenced; that he acquired this property by warranty deed on July 6, 1938, and continued in ownership of it until August 1, 1945, at which time he conveyed it to his wife, Carmela M. Critelli. The evidence further shows that this property was used as a tavern and restaurant and that there were bars in this place of business for the dispensing of drinks. It is further disclosed by the evidence, which was not denied by the appellant, that on numerous occasions the liquor laws of the state of Iowa were violated by the appellant, Johnnie Critelli, and that intoxicating liquor was kept in this place of business for sale in violation of law. The court, upon the evidence presented, entered an injunction decree in Case No. 2579, which

decree provided that the property at 2202 Harding Road was a nuisance and that it should be abated. The court did not grant a personal injunction against Critelli and did not assess the statutory mulct tax as sought in the appellee's petition.

The issues that are before this court by reason of the two appeals are (1) whether a permanent injunction rendered against the appellant in a separate action and involving other premises was a bar to the granting of an injunction in this action. as claimed by appellant and (2) whether the appellee is entitled to an injunction against the appellant in the instant case and the assessment of the statutory mulct tax, in addition to all other relief granted by the court in its decree, as contended in the cross-appeal.

■ I. We hold that the granting of the decree of injunction against the appellant in the action which involved property located at 1200 West Locust Street, Des Moines, Iowa, is not a bar to another injunction against the appellant in an action which involves the property located at 2202 Harding Road in Des Moines. The property located at 1200 West Locust Street was not owned by Critelli. He and his wife were lessees. Critelli was the owner of the property located at 2202 Harding Road at the time the present action was commenced. The filing of the action involving the last-described property was noted in the district court in the actions pending record on July 18, 1945.

The first decree would not authorize the abatement of a liquor nuisance shown to exist at 2202 Harding Road or the imposition of a mulct tax against that property. Our holdings and conclusions here announced find support in the case of Carter v. Steyer, 93 Iowa 533, 536, 61 N. W. 956, 957, where we stated:

"The injunction granted against Higgins in the former action would be inoperative as against the premises in question, and their owner would not be affected by it. The decree in that action would not authorize the abatement of a nuisance shown in this. Higgins has an interest in the premises in question, and the character of the business he is carrying on there, and his right to maintain it, have never been judicially de-

termined. It is clear that the rights and liabilities of the defendants involved in this action have never been adjudicated, and the decree upon which Higgins relies cannot be regarded as a bar to this action against him * * *." See, also, Farley v. Hollenfeltz, 79 Iowa 126, 44 N. W. 243.

We have held that a decree of injunction and the abatement of a liquor nuisance was a bar to another action for the abatement of the same nuisance—that is, where the same parties and property were involved. Dickinson v. Eichorn, 78 Iowa 710, 43 N. W. 620, 6 L. R. A. 721. See, also, State ex rel. Seeburger v. Talarico, 202 Iowa 744, 210 N. W. 968. The facts in the instant case are not similar to those referred to in the last two cited cases and they give no support to the claim made by the appellant that the decree in the case pertaining to the property located at 1200 West Locust Street is a bar to the entering of a decree in the instant case.

II. In the decree entered in Case No. 2579, which involves the property at 2202 Harding Road, the court did not enter an injunction against the appellant, Johnnie Critelli, but did by its decree enjoin persons as heretofore set forth. It did not impose a statutory mulct tax in its decree. We hold that the trial court was in error in not entering the decree against the appellant in the present action and in not imposing and assessing the mulct tax.

The trial court in its decree found that the use of the premises at 2202 Harding Road constituted a nuisance as defined in sections 1921.060 and 1921.061, 1939 Code (sections 123.60 and 123.61, 1946 Code). Sections 2051 and 2052, Code of 1939 (sections 128.38 and 128.39, Code of 1946), provide that when a permanent injunction issues against any person for maintaining a liquor nuisance, or against any owner or agent of a building kept or used for said purposes, a mulct tax of $600 shall be imposed upon the building and ground, the persons maintaining said nuisance, and the owner or agent of said premises, when they knew or should have known of said nuisance.

We have held in Division I of this opinion that an injunction is authorized against a person who has been previously enjoined where the premises are not the same. Inasmuch as the

record discloses that the premises are not the same, the owners are not the same, and there is ample evidence to justify the entering of a decree against the appellant, it is our holding that an injunction should have been entered by the trial court against him in the present action.

We have herein held that an injunction should have been entered against the appellant and consequently it is our further holding that the statutory mulct tax should have been imposed and assessed. The imposition of the mulct tax is mandatory upon the court when a permanent injunction is granted, which we hold should have been entered in this case. State ex rel. Hutcheon v. Marker, 208 Iowa 1001, 1003, 224 N. W. 588.

The mandatory requirement for the imposition of a mulct tax is commented upon in State ex rel. Seeburger v. Talarico, supra, 202 Iowa 744, 747, 210 N. W. 968, 969, where it is stated:

"Section 2051 [1924 Code, section 2051, 1939 Code, section 128.38, 1946 Code] does not determine when an injunction shall issue. It simply provides for the additional penalty of a mulct tax *when* an injunction shall issue."

Inasmuch as it is our holding that a decree of injunction should have been entered against the appellant in the instant case and the decree should have provided for the imposition of a mulct tax, we necessarily must hold that the trial court was in error in not so providing in its decree.

This cause is therefore remanded to the trial court for the entering of a supplemental decree in conformity with our holdings here announced.—Affirmed on defendant's appeal; reversed on plaintiff's cross-appeal.

BLISS, MANTZ, SMITH, OLIVER, GARFIELD, HALE, and HAYS, JJ., concur.