STATE OF IOWA ex rel. FRANCIS J. KUBLE, County Attorney, Appellee, v. ALPHONSO BISIGNANO, alias BABE CARNERA, et al., Appellants.

No. 47029.

█ 

JULY 29, 1947.

REHEARING DENIED OCTOBER 17, 1947.

Comfort, Comfort & Irish and Walter F. Maley, all of Des Moines, for appellants.

Vernon R. Seeburger, County Attorney, and Ed S. Thayer, Assistant County Attorney, for appellee.

SMITH, J.—The procedural history of this case is complicated. We shall set out only the parts necessary to a decision. The case was commenced December 11, 1942, following a raid of the premises on the 7th. The relator was Francis J. Kuble, then county attorney; the defendants, S. Marks, as owner, and Alphonso Bisignano (alias "Babe Carnera") and his brother Frank, as tenants of the premises. No pleading was filed or appearance entered by any defendant until December 1945. In the meantime the ownership of the premises changed and the case was dismissed as to defendant Marks.

A second raid was made December 15, 1945, and on December 21st an amended and substituted petition was filed by Vernon R. Seeburger (county attorney succeeding Francis J. Kuble, deceased) as relator. No order of substitution was made at that time. Josephine Hall, trustee, and her cestuis que trustent (defendant Alphonso Bisignano's four minor children) were named as additional defendants as owners of the premises. New original notices were served on all defendants except Frank Bisignano,

who was in military service. As to the minors substituted service was made upon their mother.

Thereafter all defendants (except minors and Frank Bisignano) answered, questioning the right to proceed by substitute relator, denying the allegations as to nuisance, alleging abandonment of the case by the original relator and its abatement by his death, lack of jurisdiction of the court, and laches of the present county attorney. After trial of the case as to defendant Alphonso Bisignano order of substitution of relator was made ex parte and later motion to set it aside was overruled.

An amendment to answer by defendant Bisignano alleged the raids were illegal and their fruits incompetent as evidence; also that in the summer of 1943 an agreement was made between his attorney and the then county attorney relator whereby the suit was to be dismissed in consideration of said defendant's waiving appeal from an order overruling his demurrer to an indictment in a pending criminal case predicated upon the same evidence arising out of the raid of December 7, 1942; and that pursuant to said agreement defendant dismissed said appeal, pleaded guilty, and paid a fine of $400.

The trial court enjoined defendants Alphonso Bisignano and Josephine Hall, trustee, from maintaining a nuisance upon the premises, ordered the nuisance abated, the seized liquor destroyed, the furniture and fixtures removed and disposed of, and rendered judgment against defendants Alphonso Bisignano and Josephine Hall, trustee, for costs, and imposed a statutory mulct tax of $600 against said defendants and the premises.

Six propositions are argued by defendants on appeal: (1) That the State had abandoned the suit; (2) that the court was without jurisdiction because suit was brought under chapter 98, Iowa Code, 1939 (now chapter 128, Code, 1946), which was repealed by the Iowa Liquor Control Act (chapter 123, Code, 1946); (3) that no valid search warrant furnished the basis for either raid; (4) that defendant had a right to rely on the agreement to dismiss made by the county attorney in summer of 1943; (5) that substitution of new relator was not properly made; (6) that some of the special officers were acting without authority; and (7) that the court had no jurisdiction of the real owners of the premises.

Defendants concede "that some liquor was confiscated on the occasions of both raids." The concession is conservative in view of the actual amounts shown by the evidence to have been seized. It is apparent that the appeal raises propositions of law only and that no material fact question is in dispute.

I. Propositions (1) and (4) may be considered together. The contention that the suit had been abandoned was predicated upon the claimed agreement between the county attorney and defendant Bisignano's attorney for dismissal in consideration of what would be in effect a plea of guilty by said defendant in a pending criminal proceeding. We do not understand that it is argued the delay in prosecution of the case would alone constitute or prove abandonment.

Doubtless some such arrangement or agreement was made by Mr. Kuble and Mr. Comfort in 1943. There is no claim that it was ever reduced to writing or that the court was a party to it. (See section 610.16, Iowa Code, 1946.) The trial court held defendant did not carry out his part of the "bargain" and we are not disposed to say this finding is incorrect.

Furthermore, we cannot hold that the court or the State was bound by the claimed agreement or that defendant acquired any equitable or legal right under it. No authority is cited sanctioning such a contract. It seems so clearly contrary to public policy that none need be cited condemning it. If defendant was innocent of the crime charged in the criminal case it is unthinkable that he would be bound by any agreement to plead guilty or acquiesce in an adjudication of guilt. If guilty he can gain no credit here for submitting to the criminal penalty. In either contingency the instant case could not be used by the county attorney as a consideration for securing a conviction or plea of guilty in the criminal case. The authority of the court could not be thus by-passed. If defendant was guilty in both cases upon the evidence, it was for the court and not the relator to determine whether and to what extent he should be penalized in each.

The testimony here conclusively shows that a liquor nuisance was being maintained both on December 7, 1942, and December 15, 1945. As a practical matter this whole question of claimed

abandonment seems immaterial. Whether we view the case as a continuation of the original one or as a new proceeding we find no ground for reversal in these assignments.

II. The complaint that the substitution of a new relator was improperly made is likewise without substance. This was not comparable to a substitution of *parties*. The State of Iowa was the real party plaintiff at all times. Defendants could not have objected to the substitution had they been notified of the motion and given an opportunity to resist. The fact that the technical substitution was made after submission of the case as to defendant Bisignano was at most an irregularity. In fact, we cannot think entire failure to substitute the name of the new county attorney would have been fatal. Defendants were apprised of the fact that the case was actually being prosecuted by the new county attorney. That was his right and duty. The death of the original relator did not abate the suit. The substitution merely served to make the formal record reflect the actual fact.

III. A former assistant county attorney who drew the petition and had original charge of the case testified he used an old form in vogue before the Iowa Liquor Control Act was passed. He says he brought the proceeding under chapter 98, Code, 1939 (now chapter 128, Code, 1946), and did not take into consideration the later Iowa Liquor Control Act, chapter 93.1, Code, 1939 (now chapter 123, Code, 1946). Of course, determination of the intent and effect of a pleading must be based upon its language and not upon the testimony of the pleader.

We have held the Liquor Control Act did not repeal the former liquor law except insofar as their provisions conflict. State v. Blackburn, 237 Iowa 1019, 22 N. W. 2d 821; Rand v. Ladd, 238 Iowa 380, 26 N. W. 2d 107. No such conflict appears here as to result in repeal of the section under which the petition and the amended and substituted petition were evidently drawn. See, also, State ex rel. Seeburger v. Critelli, 238 Iowa 134, 26 N. W. 2d 64, in which it was held the Liquor Control Act did not repeal the provision of the old law for imposition of mulct tax. The argument that the court was without jurisdiction to maintain the suit under chapter 98, Code, 1939 (now chapter 128, Code, 1946), is unsound.

1066

■ IV. Appellants contend earnestly that no valid search warrant ever issued upon which to base the 1942 and 1945 raids. The argument overlooks the fact that our court has definitely rejected the rule of the United States Supreme Court (Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746), holding evidence incompetent if obtained by an unlawful search. State v. Tonn, 195 Iowa 94, 106, 191 N. W. 530. The Tonn case has been consistently followed by this court. In State v. Nelson, 231 Iowa 177, 300 N. W. 685, we quite recently reaffirmed its holding in the face of a determined effort to induce us to overrule it, and cited many intervening Iowa cases, as well as many decisions from other jurisdictions on both sides of the question.

■ Since appellants cite and seem to rely on the Fourth and Fifth Amendments to the Federal Constitution it should be pointed out that these provisions do not apply in the state courts. State v. Nelson, supra, 231 Iowa, at page 181 et seq., 300 N. W., at page 687 et seq., and authorities there cited. It is true section 8 of Article I of the Constitution of Iowa is identical in language with the "Fourth Amendment." This fact, however, does not compel us to follow the construction placed on the language by the United States Supreme Court. We are content to follow our own later decisions commencing with the Tonn case, supra. For this reason we make no pronouncement as to whether the searches and seizures in the instant case were in fact unlawful.

What we have said under this division is also pertinent and conclusive as to appellants' proposition (6), which complains of the fact that certain persons who assisted in the 1945 raid were not duly appointed and authorized peace officers. Section 751.7, Code, 1946, seems to permit the peace officer to select assistants, as was done here, but we need not pass on that question. Even if it be conceded the assistants were unauthorized the evidence was nevertheless admissible.

■ V. Appellants finally argue that the court never acquired jurisdiction of the real owners of the premises for whose benefit the trustee held title. Their ages run from two years to nine. It is asserted no service of the original notice was made

on them. This is a mistake. The record shows substituted service was made on them by service on their mother. This was sufficient. Rule 56(b), Iowa Rules of Civil Procedure.

It is complained that no guardian ad litem for the minors was appointed. Rule 13, Iowa Rules of Civil Procedure, is a complete answer:

"Such defense [of a minor, etc.] shall be by guardian ad litem; but the regular guardian *or the attorney appearing for a competent party* may defend unless the court supersedes him by a guardian ad litem appointed in the ward's interest." (Italics supplied.)

Defense was made by the trustee, who holds the title to the premises for the minors' sole benefit. She had no other interest in the suit and was named defendant solely as trustee. Her attorneys appeared for a "competent party" within the meaning of the cited Rule. No question is raised as to the reality of the defense or as to the good faith of the trustee in protecting the interests of the beneficiaries.

It is to be remembered that no personal decree or judgment was rendered against the minors. Only their equitable interest in the premises was involved. The deeds creating the trust are not shown in the record. The trial court says that at the time of the first raid S. Marks was the owner of the premises and that later transfer was made to defendant Alphonso Bisignano, who conveyed to Josephine Hall, trustee.

There is no question at issue between trustee and beneficiaries or among the beneficiaries themselves. The trustee represented the beneficiaries and defended in their behalf. They were not necessary parties. Had they not been made parties there would have been no defect. Jackson v. Tallmadge, 246 N. Y. 123, 158 N. E. 48.

We conclude upon the whole record that the decision of the trial court must be affirmed and it is so ordered.—Affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, MULRONEY, and HAYS, JJ., concur.